MIDWAY MANUFACTURING CO., an
Illinois corporation, Plaintiff-Appellee,
Cross-Appellant,

v.

Larry KRUCKENBERG, Etc., Et Al., De-
fendants-Appellants, Cross-Appellees.

No. 82–3201.

United States Court of Appeals,
Eleventh Circuit.

Nov. 28, 1983.

Michael P. McMahon, J. Thomas Card-
well, Orlando, Fla., for Midway Mfg. Co.

Before TJOFLAT and FAY, Circuit
Judges, and WISDOM *, Senior Circuit
Judge.

\* Honorable John Minor Wisdom, U.S. Circuit
Judge for the Fifth Circuit, sitting by designa-

PER CURIAM:

Appellant Larry Kruckenberg appeals the ruling of a U.S. Magistrate, finding him guilty of indirect criminal contempt of court. Because Kruckenberg did not take his appeal of right to the district court but instead brought it directly to the Court of Appeals, we dismiss the appeal.

I.

Larry Kruckenberg and the appellee, Midway Manufacturing Company (Midway), entered into a consent decree in the U.S. District Court for the Middle District of Florida on February 17, 1982. This decree was part of a settlement of a civil suit brought by Midway against Kruckenberg. The decree, inter alia, permanently enjoined Kruckenberg from infringing the copyrighted portions of Midway's "Pac-Man" video game.

On July 20, 1982, Midway petitioned the district court to prosecute Kruckenberg for violating the February consent decree. The petition alleged that Kruckenberg had begun counterfeiting Midway's "Ms. Pac-Man" game, which was protected by the same copyrights as the original "Pac-Man." The July 20 petition requested the district court to appoint Midway's attorneys, who negotiated the consent decree, to prosecute Kruckenberg for contempt. The district court determined that Midway had shown good cause to hold Kruckenberg in criminal contempt, appointed Midway's attorneys as "special prosecutors" under Fed.R.Crim.P. 42(b) and directed the U.S. Magistrate to hold a criminal trial pursuant to 18 U.S.C. § 3401 (1976 & Supp. V). Kruckenberg waived his right to trial by a United States District Court judge, but moved the court to reconsider and vacate its appointment of Midway's attorneys as special prosecutors.

The magistrate held the trial on November 2, 1982. The first order of business was Kruckenberg's motion to vacate the appointment of the prosecutors. The magistrate denied the motion. Kruckenberg then

tion.

filed in open court a document styled "Notice of Interlocutory Appeal ... to the United States Court of Appeals, Eleventh Circuit," and requested the magistrate to stay the proceedings. The magistrate denied the stay but granted a recess, and Kruckenberg immediately presented his notice of appeal to the district court judge who had originally assigned the case to the magistrate and appointed the prosecutors. The judge treated the reference to the Eleventh Circuit in the Notice as a typographical error, entertained the appeal, and heard argument thereon, and denied it. The parties then went back to the magistrate for trial. At trial, Kruckenberg waived trial by jury, waived opening and closing statements, permitted the prosecutors' case to be placed on the record by proffer, and cross-examined witnesses cursorily. The magistrate adjudicated Kruckenberg guilty of indirect criminal contempt and, after receiving a presentence investigation report, sentenced him on December 9, 1982, to six months imprisonment. Kruckenberg took the instant appeal the very same day he was sentenced by the magistrate. His notice stated that he "hereby appeals to the United States Court of Appeals for the Eleventh Circuit from Judgment of Conviction and Sentence entered in this action on the 9th day of December, 1982." Kruckenberg later filed the appropriate papers with this circuit.

We have no jurisdiction to entertain this appeal. Kruckenberg agreed to be tried by the magistrate under 18 U.S.C. § 3401 (1976 & Supp. V). Appeals from convictions under § 3401 are governed by 18 U.S.C. § 3402 (1976). That section states: "In all cases of conviction by a United States Magistrate an appeal of right shall lie from the judgment of the magistrate to a judge of the district court of the district in which the offense was committed." *Id.* Kruckenberg must take his appeal to the district court. No matter how one labels the hearing before the district court on November 2, it was not an appeal from a judgment of conviction by the magistrate.

In its brief on appeal the prosecution stated that it had filed a motion to dismiss this appeal for lack of jurisdiction. The prosecution, however, failed to cite to this motion in the record or include it in the record excerpts. Accordingly, we dismiss this appeal pursuant to our inherent power to police our subject matter jurisdiction under the federal statutes. 28 U.S.C. § 3402 (1976 & Supp. V); Fed.R.App.P. 4(b).

APPEAL DISMISSED.