**MIDWAY MANUFACTURING CO., an Illinois corporation, Plaintiff-Appellee,**

v.

**Larry KRUCKENBERG, etc., Defendant-Appellant.**

No. 85–3475.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1986.

James M. Campbell, Orlando, Fla., for defendant-appellant.

Stephen J. Calvacca, Paul J. Moriarty, Asst. U.S. Attys., Orlando, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and ATKINS *, District Judge.

GODBOLD, Chief Judge:

Midway filed a petition asking that Kruckenberg be prosecuted for criminal contempt for failure to comply with the consent judgment of the district court enjoining Kruckenberg from infringing Midway's copyrights and from making infringing machines. The petition asked that the attorneys for Midway (J. Thomas Cardwell and Michael P. McMahon of the law firm of Akerman, Senterfitt & Eidson, and Eric C. Cohen and Donald L. Welsh of the law firm of Fitch, Even, Tabin, Flannery & Welsh) be appointed to prosecute the contempt charge on behalf of the court. The court issued a show cause order in which it appointed as prosecutors the attorneys for Midway, as prayed.

The matter was set for trial by consent before a magistrate. Before trial Kruckenberg moved for reconsideration of the order appointing Midway's attorneys to prosecute, raising, inter alia, whether counsel for the opposing party could be appointed as prosecutors. The magistrate denied the motion. Kruckenberg appealed to the district court, which refused to reverse the magistrate's denial.

A non-jury trial ensued, following which Kruckenberg was found guilty and sentenced to six months in prison. He appeal-

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

ed to the district court, which affirmed the magistrate's action.[1]

Kruckenberg filed a motion for a new trial, asserting this as a ground:

3. That it is now known to defense counsel that a member of the law firm prosecuting the Defendant was actively engaged with the Defendant in the use of the same machines for which the Defendant has been prosecuted. Because of contractual problems between the Defendant and this individual, agreements were in existence at the time of the litigation involving criminal contempt, which agreements involve the efforts of this individual to require the production of more of these contested games by the Defendants.

4. The net result of this "push-me-pull-you" arrangement is that the same law firm which has been prosecuting the Defendant for criminal contempt of Court for the possession and use of counterfeit copyright machines has, at the same time, been demanding that these machines be produced by the Defendant.

5. This information should have been divulged to below signed counsel and to this Court for this Court to be able to evaluate the conflict of interest which the Defendant has alleged has existed, legally, from the beginning of this action.

The magistrate denied the motion without comment.

Kruckenberg appealed to the district court. Counsel for Midway moved to withdraw as prosecutors because of the allegations in the motion for new trial, which they alleged might require them to be witnesses. Kruckenberg filed documents before the district court alleging:

1. That the Appellant herein filed a Motion which set forth new and material evidence discovered after the Trial of the Defendant, which allegations related not only to potential conflict within the appointed prothonotarial office, but alleged actual conflict and unethical behavior on behalf of said firm.

2. The Appellant herein has in its possession, both contracts and recorded conversations of a member of the law firm appointed originally to prosecute on behalf o [sic] the Government, in which a practicing member of said law firm, admitted his contractural involvement with the Appellant, his demands that more of the same machines for which the Appellant was being prosecuted be provided to him, and further, discuss any reprocussions [sic] that would follow if Midway Incorporated were to find the machines which had already been provided to that member of the law firm. These allegations have to date, been totally ignored by the Court and this matter is of such a magnitude as to warrant not only reconsideration by this Court, but potential sanctions as well. The Appellant herein merely requests this Court for the opportunity to present said evidence to the Court in order that a determination be made that the Appellant's original Motions for Removal of said prothonotarial office were well founded, and that the said offices resistance to these Motions and assetions that no actual conflicts existed, was in fact, untrue.

Also, in his brief filed with the district court, Kruckenberg asserted that evidence of his statements concerning conflict of interest of a member of one of the prosecuting law firms had been revealed at a meeting with the prosecuting counsel, which caused them to withdraw (Rec. 344).

The district court affirmed the magistrate. It denied the motion for new trial on the grounds that Kruckenberg had not alleged due diligence and that the motion concerned newly discovered evidence and it was not alleged that it would produce an acquittal, and that Kruckenberg's allegations of prejudice by appointment of the special prosecutors were merely conclusory.

---

1. Earlier Kruckenberg had attempted to appeal to this court, 720 F.2d 653 (11th Cir.1983). The appeal was dismissed on motion of the prosecution for lack of jurisdiction on the ground that an appeal was properly directed to the district court.

Before this court Kruckenberg urges that under no circumstances may counsel for the opposing party be appointed to prosecute on behalf of the court, citing *Brotherhood of Locomotive Fireman & Engineers v. U.S.*, 411 F.2d 312 (5th Cir. 1969). Other cases hold that determination of whether opposing counsel can be prosecutor must be decided on a case by case basis and state that *Brotherhood of Locomotive Fireman* can be distinguished on its facts.

We are unwilling to decide the issue of whether there is a plenary rule forbidding in all criminal cases appointment of opposing counsel as prosecutors without first considering whether under the particular facts and circumstances of this case appointment was appropriate.

We therefore retain jurisdiction of this appeal but order a limited remand to the district court and direct that it conduct a hearing on the contentions made by Kruckenberg with respect to those appointed to prosecute him and their law firm(s), enter findings of fact and conclusions of law, and forward them to this court as a supplemental record.

If the United States wishes to vacate the judgment of contempt and reprosecute Kruckenberg with the United States Attorney serving as prosecutor, thereby removing questions about the validity of Kruckenberg's conviction, a motion should be addressed to this court to such effect.

Limited remand ORDERED and jurisdiction retained.