**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Debra L. SMITH, Defendant–Appellant.**

**No. 92–2135.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 10, 1992.
Decided April 19, 1993.

Lawrence Beaumont, Office of the U.S. Atty., Danville, IL, for plaintiff-appellee.

Shari Goggin–Ward, Pavia & Marsh, Urbana, IL, for defendant-appellant.

Before KANNE and ROVNER, Circuit Judges, and REYNOLDS, Senior District Judge.*

ILANA DIAMOND ROVNER, Circuit Judge.

A jury convicted Debra Smith of possessing bald eagle feathers in violation of the Migratory Bird Treaty Act, 16 U.S.C. § 703 (a misdemeanor offense) and acquitted her of three related charges. With Smith's consent, the case was tried before a magistrate judge (*see* 18 U.S.C. § 3401), who later sentenced her to probation and entered judgment on the conviction. Smith has appealed her conviction directly to this court without first seeking review in the district court. We dismiss the appeal for lack of jurisdiction.

■ Our first task in every appeal is to examine our own jurisdiction. *E.g., Agretti v. ANR Freight System, Inc.,* 982 F.2d 242, 248 (7th Cir.1992); *Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 591 (7th Cir.1990). We must do so even if the parties have not, for the parties' consent does not confer jurisdiction. *Napoleon Hardwoods, Inc. v. Professionally Designed Benefits, Inc.,* 984 F.2d 821, 822 (7th Cir.1993); *Horn,* 898 F.2d at 591; *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir.1986). In this case, our inquiry has unearthed a jurisdictional problem that neither party has raised.

■ The criminal code describes only one route of appeal from a misdemeanor conviction before a magistrate judge:

In all cases of conviction by a United States magistrate an appeal of right shall lie from the judgment of the magistrate to a judge of the district court of the district in which the offense was committed.

18 U.S.C. § 3402. Rule 58(g)(2) of the Federal Rules of Criminal Procedure similarly speaks only in terms of an appeal from the magistrate judge to the district court.[1] Of course, we have jurisdiction under 28 U.S.C. § 1291 to entertain an appeal once the district court has reviewed the judgment. *See, e.g., United States v. Stone,* 987 F.2d 469, 470 (7th Cir.1993); *see also United States v. Aslam,* 936 F.2d 751, 754 (2d Cir.1991); *United States v. Forcellati,* 610 F.2d 25, 28 (1st Cir.1979), *cert. denied,* 445 U.S. 944, 100 S.Ct. 1342, 63 L.Ed.2d 778 (1980). But we have found no provision allowing a direct appeal of a misdemeanor conviction from the magistrate judge to the court of appeals.

The judicial code and the rules of civil procedure do allow parties who have consented to trial of a civil action before a magistrate judge to bypass review in the district court and proceed directly to the court of appeals. 28 U.S.C. § 636(c); Fed.R.Civ.P. 73(c); *see also* Fed.R.App.P. 3.1. Congress has not made the same option available in the criminal context, however. *United States v. Van Fossan,* 899 F.2d 636, 638 (7th Cir.1990); *Aslam,* 936 F.2d at 753; *see also Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 902 (3d Cir.1992).

Accordingly, one convicted of a misdemeanor before a magistrate judge must first appeal to the district court before she may seek review here. Absent that intermediate step, we lack jurisdiction to hear the appeal. *United States v. Soolook,* 987 F.2d 574 (9th Cir.1993); *Midway Mfg. Co. v. Kruckenberg,* 720 F.2d 653 (11th Cir.1983) (per curiam).

We previously have questioned the wisdom of this scheme: "One may well wonder why the defendant should have two appeals as of right in a misdemeanor case, when the accused gets only one in a felony prosecution that may land him in prison for life." *Van Fossan,* 899 F.2d at 638. Of course, Smith has not insisted upon two appeals of right; she has instead come directly to this court.

---

* The Honorable John W. Reynolds, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation.

1. In contrast, Rule 58(g)(1) provides that appeals from misdemeanor convictions before district judges are to be governed by the Federal Rules of Appellate Procedure.

Significant resources no doubt would be saved on both sides of the bench if defendants convicted before magistrate judges were given the option to streamline review in this way. But our jurisdiction is defined by the Constitution and by statute, not by our own view of what might be expedient. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986).

■ We must therefore dismiss Smith's appeal. Precedent suggests that because we have no jurisdiction, we cannot simply remand this case to the district court. *See Foremost Sales Promotions, Inc. v. Director, Bureau of Alcohol, Tobacco, & Firearms*, 812 F.2d 1044, 1046 (7th Cir.1987). But that step is unnecessary in any event, because Smith timely filed her notice of appeal in the district court as required by Fed.R.Crim.P. 58(g)(2)(B). *See Soolook*, 987 F.2d 574, 575. Although the notice identified this court rather than the district court as the reviewing body, that error does not deprive the lower court of jurisdiction to review Smith's conviction. *See United States v. Musa*, 946 F.2d 1297, 1301–02 (7th Cir.1991) (designation of wrong court of appeals in notice of appeal did not bar review). The government had fair notice that Smith was appealing her conviction and, indeed, proceeded to litigate the merits of the appeal without questioning whether this was the appropriate court in which to do so. It will therefore suffer no undue prejudice from proceeding in the district court at this juncture. *See id.* at 1301. An appeal to this court will lie only after the district court completes its review.

APPEAL DISMISSED.