**UNITED STATES of America, Appellee,**

v.

**Olivia JONES, Defendant–Appellant.**

No. 1526, Docket 96–1737.

United States Court of Appeals, Second Circuit.

Argued May 21, 1997.

Decided May 30, 1997.

M. Katherine Baird, Assistant United States Attorney, Southern District of New York, New York City (Mary Jo White, United States Attorney, Robert E. Rice, Assistant United States Attorney, Southern District of New York, of counsel) for Appellee.

Roger L. Stavis, Kartagner & Stavis, New York City, for Defendant–Appellant.

Before: WALKER, McLAUGHLIN, and PARKER, Circuit Judges.

PER CURIAM.

The defendant, Olivia Jones, seeks review of a judgment of conviction entered by the United States District Court for the Southern District of New York by Magistrate Judge Sharon E. Grubin following defendant's plea of guilty to a charge of misdemeanor theft of public assistance funds in violation of 18 U.S.C. § 641. On November 7, 1996, Magistrate Judge Grubin sentenced Jones to a five-year term of probation, including a special condition that she obtain employment within six months of sentencing and that she pay ten percent of her monthly income until restitution of the $6,057.36 she had taken is complete. The following day, the defendant filed a notice of appeal. On January 14, 1997, we stayed the enforcement of the special probation condition pending appeal.

On appeal, Jones mounts two challenges to the special condition of probation: (1) that it violates Jones's rights under the Due Process Clause of the Fifth Amendment and (2) that its imposition constitutes an abuse of discretion. Because we dismiss the appeal for lack of jurisdiction, we do not reach the merits of Jones's arguments.

Pursuant to 18 U.S.C. § 3402,

In all cases of conviction by a United States magistrate an appeal of right shall lie from the judgment of the magistrate to a judge of the district court of the district in which the offense was committed.

This language indicates that a defendant challenging a conviction or a sentence rendered by a Magistrate Judge must do so in the first instance in the district court. See United States v. Baxter, 19 F.3d 155, 156–57 (4th Cir.1994); United States v. Smith, 992 F.2d 98, 99 (7th Cir.1993); United States v. Soolook, 987 F.2d 574, 575 (9th Cir.1993); Midway Mfg. Co. v. Kruckenberg, 720 F.2d 653, 654 (11th Cir.1983). See also 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3077.5 n. 2 (1973 & Supp.1996) (noting that "[a]n appeal from a conviction in a criminal misdemeanor case is always initially taken to a judge of the district court"). After seeking review in the district court, of course, a defendant may challenge an adverse ruling before this court. See, e.g., United States v. Aslam, 936 F.2d 751, 754 (2d Cir.1991).

Because we have no jurisdiction to entertain the defendant's appeal, we are also unable to remand the case to the district court for review. However, we need not do so. The defendant filed a notice of appeal in the district court within the 10–day time frame prescribed by Fed.R.Crim.P. 58(g)(2)(B) and such notice is sufficient—notwithstanding the identification of the incorrect court—to vest jurisdiction in the district court as there is no other court in which the defendant might legally seek review. See Smith, 992 F.2d at 100 (citing United States v. Musa, 946 F.2d 1297, 1301–1302 (7th Cir.1991)). Moreover, the government had fair notice that the defendant sought to challenge her conviction and, indeed, neglected to raise the issue when she sought a stay in this court from the order of the magistrate

judge; accordingly, it will suffer no prejudice responding to this appeal in district court. *Cf. Smith,* 992 F.2d at 99.

Appeal dismissed.