**UNITED STATES of America, Appellee,**

v.

**Brian LAMB, Appellant.**

**No. 2:96 CR 92–1.**

United States District Court,
D. Vermont.

Oct. 9, 1998.

John M. Conroy, Asst. U.S. Attorney, Burlington, VT, for U.S.

Mark Alan Kaplan, Jarvis & Kaplan, Burlington, VT, for Defendant.

---

## OPINION AND ORDER

SESSIONS, District Judge.

This is an appeal of a Judgment of Conviction against Appellant Brian Lamb in United States District Court for the District of Vermont. On March 3, 1997, the Government filed an amended Information charging Mr. Lamb with one count of willfully failing to pay past due child support obligations from on or about December 31, 1995, through October 18, 1996, in violation of 18 U.S.C. § 228, a Class B misdemeanor. Judgment was entered against Mr. Lamb on June 2, 1997, by United States Magistrate Judge Jerome J. Niedermeier, after a trial by court. A timely notice of appeal was filed with the United States Court of Appeals for the Second Circuit, which subsequently remanded the appeal to the United States District Court for the District of Vermont, pursuant to Fed.R.Crim.P. 58(g)(2)(B).

The Appellant presents one issue for this Court's review:

Whether the Magistrate erred in concluding that the child support order giving rise to this conviction was an effective and enforceable order despite having not been personally served upon the appellant as required by State law and the Due Process Clauses of the United States Constitution and the Vermont Constitution.

## I. FACTUAL & PROCEDURAL BACK-GROUND

Defendant-appellant Brian Lamb and Joie A. Marshall–Lamb were married in December, 1981, and two children were born of the marriage. On February 21, 1992, a final judgment of divorce was filed in Lamoille Family Court. Mr. Lamb was present at the final hearing. The Final Order provided for Mr. Lamb to pay child support to the defendant in the sum of $103.95 per week. Mr. Lamb acknowledged at trial that he knew of this child support obligation.

On January 21, 1994, the Lamoille Family court issued a Child Support Order finding that Lamb was in arrears in the amount of $3,146.08 as of December 31, 1993. Mr. Lamb acknowledged receipt of this Order in writing. Additional orders followed. On May 25, 1995, the Family Court ruled that Lamb had willfully failed to pay a $4,210.15

arrearage, and assessed an additional civil penalty. This Order was personally served upon Mr. Lamb by the Lamoille County Sheriff. On July 10, 1995, Lamoille Family Court issued an Amended Child Support Order, correcting the Order of May 25, 1995, to find a total arrearage of $5,317.79. The record shows that this Order was sent to Mr. Lamb at an address in Arizona. Mr. Lamb testified at trial, however, that he was not living in Arizona at the time and did not receive this Order. There is no evidence in the record to refute this statement.

On February 2, 1996, the Vermont Office of Child Support moved to revoke Mr. Lamb's driver's license. Mr. Lamb was personally served with notice of the revocation hearing, which was held at the Lamoille County Court. Mr. Lamb failed to appear for this hearing. The Court issued a Revised Order on March 8, 1996, holding Mr. Lamb responsible for arrearage in the amount of $8,110.93, including $5,812.32 in past due child support and an additional amount of $2,298.61 representing uninsured-unreimbursed medical costs for which he was responsible under the terms of the Final Order. He testified that he was never served with this Order, and there is no evidence in the record to refute this statement. Mr. Lamb testified that he made no child support payment after October 17, 1994.

Mr. Lamb was found guilty as charged, after trial by court, on March 6, 1997. He was sentenced to a five year term of probation and ordered to pay restitution to the Vermont Office of Child Support in the amount of $12,002.58, on June 2, 1997. This appeal follows.

## II. STANDARD OF REVIEW

Appeal lies from a judgment of conviction entered by a United States Magistrate Judge to a judge of the district court of the district in which the offense was committed. 18 U.S.C. § 3402; *United States v. Jones,* 117 F.3d 644, 645 (2d Cir.1997). The scope of appeal is the same as an appeal from a judgment of a district court to a court of appeals. Fed.R.Crim.P. 58(g)(2)(D). The reviewing court must view the evidence in the light most favorable to the Government,

and draw all reasonable inferences and resolve all issues of credibility in its favor. *United States v. Abelis*, 146 F.3d 73, 80 (2d Cir.1998). The ultimate determination is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.*

## III. DISCUSSION

Mr. Lamb appeals on the grounds that the Magistrate erred in concluding that the child support order giving rise to this conviction [1] was an effective and enforceable order despite having not been personally served upon the defendant as required by State law and the due process clauses of the United States Constitution and the Vermont Constitution.[2]

The Child Support Recovery Act of 1992 (CSRA), 18 U.S.C. § 228, provides that "[w]hoever willfully fails to pay a past due support obligation with respect to a child who resides in another State" commits a criminal offense. *Id.* § 228(a). The statute further provides that, as used in the section,

the term "past due support obligation" means any amount—

(A) determined under a court order or an order of an administrative process pursuant to the law of a State to be due from a person for the support and maintenance of a child or of a child and the parent with whom the child is living; and

(B) that has remained unpaid for a period longer than one year, or is greater than $5,000.

*Id.* § 228(d). A first offense is punishable by a fine, imprisonment not to exceed six months, or both. *Id.* § 228(b)(1).

■ There is no element in the statute that requires effective service of the most recent, or any particular, order arising under a child support obligation. *See United States v. Collins*, 921 F.Supp. 1028, 1031 (W.D.N.Y.

1996) (Government need only prove existence of court order creating obligation and fact of nonpayment.) What is required is a "willful failure" to pay the past-due child support. The "willfulness element ... requires proof of an intentional violation of a known legal duty ..." *United States v. Mathes*, 151 F.3d 251, 253 (5th Cir.1998).

Therefore, the Court need not address the issue of whether the Magistrate Judge relied improperly, or indeed relied at all, upon the Order of July 10, 1995 (or the March 8, 1996, Order), because he was not required to rely upon it. He was required to determine beyond a reasonable doubt, based upon the totality of the evidence before him, that the appellant-defendant violated each and every statutory element of 18 U.S.C. § 228.

■ The Court finds that the evidence before the Magistrate Judge constituted substantial evidence, and was more than sufficient for him to have found the essential elements of the offense beyond a reasonable doubt.

## CONCLUSION

For the reasons set forth above, this appeal is DENIED.

---

1. Mr. Lamb does not specifically identify which order this is. It is assumed by the Court, from the arguments made, that the order in question is the order of the Lamoille Family Court filed July 10, 1995.

2. He further argues that "the facts giving rise to this conviction are clearly analogous to a contempt proceeding since Appellant here is being charged with a criminal violation and not merely with a civil penalty." (Appellant's Brief, p. 5, n. 1)

Mr. Lamb's argument is misplaced. The facts in this case did not, in this instance, give rise to a contempt charge. Mr. Lamb was not before the Court for violating Lamoille Family Court's Order of July 10, 1995, and the matter before this Court is not an appeal of a contempt proceeding. He was charged with, judged guilty of, and this is an appeal of, a criminal violation of the statute found at 18 U.S.C. § 228.