# United States Court of Appeals
## For the First Circuit

No. 02-1984

UNITED STATES OF AMERICA,

Appellee,

v.

JERALE I. MANNING-ROSS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Justo Arenas, U.S. Magistrate Judge]

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Selya, Circuit Judge.

Juan F. Matos-de Juan, Assistant Federal Public Defender, with whom Joseph C. Laws, Jr., Federal Public Defender, and Joannie Plaza-Martínez, Assistant Federal Public Defender, were on brief, for appellant.
CPT Corey Jack Marks, Office of the Staff Judge Advocate, with whom H.S. García, United States Attorney, was on brief, for appellee.

March 30, 2004

**TORRUELLA**, **Circuit Judge**.  Magistrate Judge Arenas found defendant-appellant, Jerale I. Manning-Ross ("Manning"), guilty of driving under the influence of alcohol on a federal military base and fined him $500.  Manning appealed his conviction and fine, in the first instance, to this court.  We dismiss the appeal for lack of jurisdiction.

The parties now believe, as does this panel, that this court lacks jurisdiction over this appeal.  "In all cases of conviction by a United States magistrate an appeal of right shall lie from the judgment of the magistrate to a judge of the district court of the district in which the offense was committed."  18 U.S.C. § 3402.  It is well established that "[t]his language indicates that a defendant challenging a conviction or a sentence rendered by a Magistrate Judge must do so in the first instance in the district court."  United States v. Jones, 117 F.3d 644, 645 (2d Cir. 1997) (citing United States v. Baxter, 19 F.3d 155, 156-57 (4th Cir. 1994); United States v. Smith, 992 F.2d 98, 99 (7th Cir. 1993); United States v. Soolook, 987 F.2d 574, 575 (9th Cir. 1993); Midway Mfg. Co. v. Kruckenberg, 720 F.2d 653, 654 (11th Cir. 1983)).  To appeal the Magistrate Judge's decision, Manning should have appealed to the district court.  This court has jurisdiction to entertain an appeal only after the district court renders a final judgment.  See 28 U.S.C. § 1291.

Courts confronting similar situations have noted that although the notice of appeal "identified this court rather than the district court as the reviewing body, that error does not deprive the lower court of jurisdiction" to review the conviction and the fine if notice of the appeal was timely filed and the appellee will not suffer undue prejudice. Smith, 992 F.2d at 100; see also Jones, 117 F.3d at 645-46; Soolook, 987 F.2d at 575.

Thus, we dismiss the appeal. Had we jurisdiction over this case, we would have dismissed it in its entirety. We became aware of the fact that this court lacked jurisdiction after reading the briefs, researching the case law, and hearing oral arguments. By that point, it was clear that Manning's contention that there was insufficient evidence to support a conviction lacked merit. It was also clear that the fine imposed by the Magistrate Judge was appropriate, as the Puerto Rico Penal Code contains a catchall penalty provision that prescribes a penalty when one is not established by the other sections of the Code. See 33 P.R. Laws Ann. § 3045.

**Appeal dismissed**.