FILED
United States Court of Appeals
Tenth Circuit

**January 17, 2008**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MITCHELL JAMES PETHICK,

      Defendant - Appellant.

No. 06-1525

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF COLORADO**
**(D.C. NO. 06-CR-7026-CBS)**

Philip W. Ogden, Colorado Springs, Colorado, for Defendant - Appellant.

Paul Farley, Assistant United States Attorney, (Troy A. Eid, United States Attorney, with him on the brief), Denver, Colorado, for Plaintiff - Appellee.

Before **TACHA**, **HOLLOWAY** and **MURPHY**, Circuit Judges.

**HOLLOWAY**, Circuit Judge.

      This appeal arises from a federal prosecution for the misdemeanor offense of

driving under the influence of alcohol. The federal district court had jurisdiction over this

case because the offense occurred on the Fort Carson Military Reservation in Colorado.

Thus, the information charged Pethick with a violation of 18 U.S.C. § 13,[1] incorporating Colorado Revised Statute § 42-4-1301(1)(a). Pethick was convicted after a jury trial and was later sentenced to 15 days' imprisonment and a fine of $300; the sentence also included a one-year term of supervised release and a special assessment of $25.

This appeal presents an unusual issue of appellate jurisdiction. Initial proceedings were handled by a magistrate judge, but a district judge began presiding over the case at an early stage. The district judge issued several important pretrial rulings, presided over the jury trial, and denied Defendant's motion for a new trial. But the district judge then became seriously ill and was unable to continue. Defendant then consented to have judgment and sentence entered by a magistrate judge, and that followed.

Because of the extensive participation of the district judge in the case, the Defendant's lawyer asked for guidance from the district court as to whether this court or the district court would have jurisdiction of the appeal. The clerk of the district court filed a notice of appeal on behalf of Defendant which stated that appeal was taken to this court of appeals.

This court has a "special obligation" to make its own determination of its jurisdiction of an appeal, *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541

---

[1]Section 13, the Assimilative Crimes Act, was enacted to fill gaps in criminal law otherwise applicable to federal enclaves by incorporating state law. *See United States v. Adams*, 140 F.3d 895, 896 (10th Cir. 1998). The Act provides "a method of punishing a crime committed on government reservations in the way and to the extent that it would have been punishable if committed within the surrounding jurisdiction." *Id.* (quoting *United States v. Garcia*, 893 F.2d 250, 253 (10th Cir. 1989)).

(1986), and we address the issue without deference to the views of the clerk of the district court. The parties have filed memorandum briefs on the jurisdictional issue.

The federal district courts are granted jurisdiction over appeals from a judgment of a magistrate judge in a criminal case. 18 U.S.C. § 3402; *see also* Fed. R. Crim. P. 58(g)(2). This court has jurisdiction over appeals from final orders and judgments of the district courts in this circuit. 28 U.S.C. § 1291. The peculiar situation in the instant appeal is that the judgment from which this appeal is taken was entered by a magistrate judge, but the appeal challenges only rulings made by the district judge in ruling on pretrial motions and in certain trial rulings. Thus, at least as Defendant sees it, the appeal is in substance one from the orders of the district court, even though in form it is an appeal from a judgment of a magistrate judge.

Defendant asserts (in his opening brief on the merits, after having taken no position on the jurisdictional issue in his memorandum brief on that issue) that this court has jurisdiction of this appeal. He contends that this is supported by careful examination of the language of 18 U.S.C. § 3401, regarding the jurisdiction of magistrate judges. Under subsection 3401(b), a magistrate judge may not try a misdemeanor case unless the defendant expressly consents to be tried before the magistrate and specifically "waives trial, judgment, and sentencing by a district judge." In the instant case, Pethick did not consent to *trial* before a magistrate judge, and only the pre-trial and trial rulings of the

-3-

district judge are challenged on appeal.[2]  The provision in section 3402 regarding appeal

to the district court is not applicable, Defendant then asserts, because it covers only "cases

of conviction by a . . . magistrate judge."

The government contends that the controlling factor is that the judgment was

entered by a magistrate judge.  Section 3402 provides that an appeal "shall lie from the

judgment of the magistrate judge to a judge of the district court . . . ."  Similarly, Fed. R.

Crim. P. 58(g)(2)(B) points to the "judgment of conviction or sentence" of the magistrate

judge as being the subject of appeal to the district court.

Statutes conferring jurisdiction must be strictly construed.  *See United States ex*

*rel. Precision Co. v. Koch Industries, Inc.*, 971 F.2d 548, 552 (10th Cir. 1992); *F & S*

*Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  This principle is, in this case,

both the beginning and the end of the analysis.  Strict construction of the statute will not

allow a creative reading that would somehow divide the judgment of the district court into

two components, a pre-sentencing "judgment," and the final judgment.  Moreover, the

"judgment" in a criminal case is defined to include specifically the sentence.  Fed. R.

Crim. P. 32(k)(1).

Because we have no jurisdiction, we cannot remand to the district court but can

only dismiss this appeal.  *See United States v. Jones*, 117 F.3d 644, 645 (2d Cir. 1997).

This does not leave Defendant with no avenue for appeal.  The notice of appeal was

---

[2]The form that was signed post-trial to consent to further proceedings before a magistrate judge did, however, state that Defendant consented to "all proceedings" before a magistrate judge.  I R. Doc. 79.

effective to vest jurisdiction in the district court, even though it was docketed in this court. *See United States v. Manning-Ross,* 362 F.3d 874 (1st Cir. 2004) (". . . a defendant challenging a conviction or a sentence rendered by a Magistrate Judge must do so in the first instance in the district court . . ."); *United States v. Smith*, 992 F.2d 98, 100 (7th Cir. 1993).

Accordingly, this appeal is DISMISSED WITHOUT PREJUDICE.