Scott O. JOHNSON, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 212, 2005.

Supreme Court of Delaware.

Submitted: Aug. 10, 2005.
Decided: Oct. 12, 2005.

Scott O. Johnson, pro se, appellant.

Loren C. Meyers, Department of Justice, for the appellee.

Before STEELE, Chief Justice,
HOLLAND, and BERGER, Justices.

HOLLAND, Justice:

The primary question before this Court is whether we have jurisdiction to hear a direct appeal in a criminal proceeding from a sentence that was imposed by a Superior Court Commissioner. The secondary question raised by this appeal is whether a Superior Court Commissioner has the au-

thority to adjudicate a violation of probation (VOP) charge. We have concluded that both of these questions must be answered in the negative. Accordingly, this appeal will be dismissed. The Superior Court, however, must vacate the sentence imposed by the Commissioner and take further action in accordance with this opinion.

### Procedural History

The defendant, Scott Johnson, pled guilty[1] in December 2003 to one count of drug possession, a misdemeanor.[2] In accordance with title 10, section 512(a)(4) of the Delaware Code,[3] the Superior Court Commissioner who accepted Johnson's guilty plea immediately sentenced Johnson to one year at Level 5 incarceration, suspended immediately for eighteen months at Level 2 probation.[4]

In February 2005, a Superior Court judge found Johnson in violation of his probation for violating curfew and sentenced him to one year at Level 5 incarceration, suspended immediately for one year at Level 2 probation. The judge also discharged Johnson as unimproved from a probationary sentence he was serving on another, unrelated drug charge.

In April 2005, Johnson was picked up on his second violation of probation charge. This time, a Superior Court Commissioner conducted a hearing and found Johnson in violation of his probation and also, apparently, in contempt of court.[5] The Commissioner immediately sentenced Johnson to one year at Level 5 imprisonment for the VOP and to sixty days imprisonment on the contempt finding.[6]

### Show Cause Notice

Johnson filed the present appeal from the sentences imposed by the Commissioner following the second violation of probation hearing. The Clerk of this Court issued a notice for Johnson to show cause why the appeal should not be dismissed based on this Court's lack of jurisdiction to hear an interlocutory criminal appeal.[7] Johnson's response did not address the interlocutory nature of his appeal.

This Court then directed the State to respond and address specifically whether

1. Although the Superior Court docket reflects that a plea hearing was held, there is no plea agreement or guilty plea transcript in the Superior Court record.

2. *See* 16 Del. C. § 4753 (2005).

3. 10 Del. C. § 512(a)(4) ("Each Commissioner serving under this chapter shall have.... [t]he power to accept a plea of guilty to a misdemeanor or violation and, with the consent of the parties, to enter a sentence thereon."); *see also* DEL. SUPER. CT. CRIM. R. 62(a)(3) (providing that each Commissioner shall have "the power to accept a plea of guilty to a misdemeanor or to a violation and, with the consent of the parties, to enter sentence thereon").

4. Although the Commissioner accepted Johnson's plea, there is no indication in the record that Johnson or the State consented to allowing the Commissioner to sentence him. Neither Johnson nor the State dispute that they consented to sentencing by the Commissioner.

5. Both the State and Johnson indicate that Johnson was found in contempt of court, although there is nothing in the record to reflect the basis for the Commissioner's contempt finding.

6. There is no sentencing order in the record; however, the State contends that these were the sentences imposed.

7. DEL. CONST. art. IV, § 11(1)(b); *Redden v. McGill,* 549 A.2d 695 (Del.1988) (dismissing as interlocutory an appeal from a decision of a Family Court master); *Carr v. State,* 757 A.2d 1277 (Del.2000) (dismissing as interlocutory an appeal from a sentencing order of a Superior Court Commissioner).

the Superior Court Commissioner had the authority to hold the violation of probation hearing and, thereafter, to sentence Johnson. The State asserts that the Commissioner had implicit, albeit not explicit, authority to adjudicate and sentence Johnson on the second VOP charge because a Commissioner had imposed Johnson's original sentence in 2003. The State also submits that the Commissioner's sentencing order is not interlocutory but is directly appealable to this Court.

### Superior Court Commissioners' Authority

The first statute authorizing the use of Commissioners in the Superior Court was adopted in 1968.[8] Initially, those Commissioners only had authority to issue warrants and fix bail.[9] The scope of responsibilities assigned to Superior Court Commissioners has been significantly expanded. In 1994, the Delaware General Assembly adopted title 10, section 512 of the Delaware Code, which now sets forth the jurisdiction and powers of Commissioners of the Superior Court. The purpose of the 1994 statute is to allow the Commissioners to assist the Superior Court judges by addressing many "*pretrial* matters in criminal and civil cases, thereby allowing the judges more time to try cases." [10]

Section 512(a) [11] generally confers authority upon Commissioners over specific nonadjudicatory matters, while section 512(b) [12] confers authority upon the Presi-

---

8. *See* 56 Del. Laws ch. 375 (adopting 10 Del. C. §§ 1973–78).

9. *Id.*

10. H.B. 477, 137th Gen. Assembly, 2nd Sess., synopsis (Del. 1994) (emphasis added).

11. Section 512(a) provides:
   (a) Each Commissioner serving under this *chapter shall have:*
      (1) All powers and duties conferred or imposed upon Commissioners by law or by the Rules of Criminal and Civil Procedure for the Superior Court;
      (2) The power to administer oaths and affirmations, issue orders pursuant to Chapter 21 of Title 11 concerning release or detention of persons pending trial, and take acknowledgements, affidavits and depositions;
      (3) The power to accept pleas of not guilty to any offense within the jurisdiction of the Superior Court and to appoint counsel to represent indigent defendants;
      (4) The power to accept a plea of guilty to a misdemeanor or violation and, with the consent of the parties, to enter a sentence thereon.
   10 Del. C. § 512(a)

12. Section 512(b) provides, in pertinent part:
   (b) Commissioners may be designated to perform the following with the approval of the President Judge or his designee:
   (1)a. A judge may designate a Commissioner to hear and determine any pretrial matter pending before the Court, except a motion for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss for failure to state a claim upon which relief can be granted and to involuntarily dismiss an action. A judge of the Court may reconsider any pretrial matter under this subparagraph where it has been shown that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law or an abuse of discretion.
   b. A judge may also designate a Commissioner to conduct hearings, including evidentiary hearings, and to submit to a judge of the Court proposed findings of fact and recommendations for the disposition, by a judge of the Court, of any motion excepted in subparagraph a. of this paragraph or of applications for post-conviction relief made by individuals convicted of criminal offenses.
   c. The Commissioner shall file proposed findings and recommendations under subparagraph b. of this paragraph with the Court and shall mail copies forthwith to all parties.
   d. Within 10 days after being served with a copy of proposed findings and

dent Judge of the Superior Court to designate Commissioners to perform *limited* adjudicatory functions that are all subject to later review by a judge. The only adjudicatory power conferred upon Superior Court Commissioners under section 512(a) is the power to sentence a defendant following the acceptance of a guilty plea to a misdemeanor or violation. That authority to sentence following a guilty plea, however, is specifically limited to cases in which both parties consent.

### Supreme Court Jurisdiction

■ Under the Delaware Constitution, this Court's appellate jurisdiction in a criminal case is limited to reviewing a final judgment of the Superior Court.[13] In a direct criminal appeal, the Superior Court's final judgment is the imposition of sentence.[14] Only sentences of imprisonment exceeding one month or fines exceeding one hundred dollars are appealable to this Court.[15]

### Intermediate Review Required

■ In other contexts, this Court has held that our appellate jurisdiction is limited to reviewing orders entered by judges of a trial court, not orders entered by masters [16] or commissioners.[17] In *Carr v. State*,[18] on procedural facts similar to Johnson's case, this Court dismissed an appeal from a Superior Court Commissioner's VOP sentencing order as interlocutory. In *Carr*, we assumed, without analysis, that the Commissioner's sentencing order fell within the category of case-dispositive orders that are subject to de novo review by a Superior Court judge under Superior Court Criminal Rule 62(a)(5) and section 512(b).[19]

recommendations under subparagraph b. of this paragraph any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. A judge of the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the Court may accept, reject or modify, in whole or in part, the findings or recommendations made by the Commissioner. The judge may also receive further evidence or recommit the matter to the Commissioner with instructions. 10 Del. C. § 512(b)

13. DEL. CONST. art. IV, § 11(1)(b).

14. *Eller v. State*, 531 A.2d 948, 949 (Del. 1987).

15. DEL. CONST. art. IV, § 11(1)(b); *Weaver v. State*, 779 A.2d 254, 259 (Del.2001).

16. *Redden v. McGill*, 549 A.2d 695, 697 (Del. 1988) (holding that a master is not a judicial officer and a master's ruling, therefore, could not constitute a ruling by the "Court").

17. *Postles v. Division of Child Support Enforcement*, 784 A.2d 1081 (Del.2001) ("This Court does not have jurisdiction to consider an appeal—any appeal—from an order of a Family Court Commissioner.").

18. *Carr v. State*, 757 A.2d 1277 (Del.2000).

19. DEL. SUPER. CT. CRIM. R. 62(a)(5) provides:

(5) Case-dispositive matters. The power to conduct case-dispositive hearings, including case-dispositive evidentiary hearings, motions to suppress evidence in a criminal case (whether case-dispositive or non case-dispositive), to dismiss or quash an indictment or information, or hearings involving post-conviction relief pursuant to Super. Ct. Crim. R. 61, and to submit to a judge of the Court proposed findings of fact and recommendations for the disposition, by a judge, of any such matter.

(i) The Commissioner shall file proposed findings of fact and recommendations under subparagraph (5) with the Prothonotary, and shall mail copies forthwith to all parties, or to the party's attorney, if the party is represented.

(ii) Within 10 days after filing of a Commissioner's proposed findings of fact and recommendations under subparagraph (5), any party may serve and file written objections to the Commissioner's order which set forth with

■ We adhere to our holding in *Carr*. Section 512 is patterned on the Federal Magistrates Act.[20] In the federal court system, defendants who properly consent to a magistrate judge's jurisdiction over their criminal proceedings are required to appeal to the federal district court in the first instance.[21] Federal· courts of appeal are without jurisdiction to review a direct appeal from a misdemeanor conviction and sentence entered by a magistrate judge.[22] The federal district court is the only forum in which a defendant can seek review of a United States magistrate judge's decision.[23]

Similarly, the Superior Court is the only forum in which a defendant can seek review of a Commissioner's decision. In the absence of that intermediate review by a Superior Court judge, this Court is without jurisdiction to hear an appeal from any action taken by a Commissioner.[24] The Superior Court must amend Criminal Rule 62 to provide for that right of *de novo* intermediate review by a Superior Court judge in the first instance.[25]

### Only Judges Conduct Trials

■ The State acknowledges that there is no Delaware statute, rule, or administrative directive that specifically conferred authority upon the Superior Court Commissioner to conduct Johnson's violation of probation hearing.[26] Nonetheless, the State asserts that the Commissioner's power to sentence under section 512(a)(4) following the entry of a guilty plea also must necessarily include the power to enforce the sentence and punish any violations of the Commissioner's sentencing order. Accordingly, the State argues that, because Johnson gave his consent[27] to allow the Commissioner to sentence him on the original drug possession charge, the Commissioner also had authority to adjudicate and sentence Johnson on the violation charge pursuant to section 512(a)(4).

The State's argument fails to recognize two important legal concepts. First, a vio-

particularity the basis for the objections. The written objections shall be entitled "Appeal from Commissioner's Findings of Fact and Recommendations." A copy of the written objections shall be served on the other party, or the other party's attorney, if the other party is represented. The other party shall then have 10 days from service upon that party of the written objections to file and serve a written response to the written objections.

(iii) The party filing written objections to a Commissioner's order shall cause a transcript of the proceedings before the Commissioner to be prepared, served, and filed unless, subject to approval of a judge, all parties agree to a statement of facts.

(iv) A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. A judge may accept, reject, or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner. A judge may also receive further evidence or recommit the matter to the Commissioner with instructions.

20.  28 U.S.C.A. § 636 (2005).

21.  *U.S. v. Soolook*, 987 F.2d 574, 574 (9th Cir.1993).

22.  *U.S. v. Smith*, 992 F.2d 98, 99 (7th Cir. 1993).

23.  *U.S. v. Jones*, 117 F.3d 644, 645 (2d Cir. 1997).

24.  *Carr*, 757 A.2d at 1277; *accord Smith*, 992 F.2d at 99; *Soolook*, 987 F.2d at 574.

25.  *See, e.g.*, FED. R. CRIM. PROC. 58(g)(2)(B).

26.  *See, e.g.*, Admin. Directive No. 2000–3, Superior Court of Delaware (Jan. 1, 2000) (assigning duties to Superior Court Commissioners).

27.  Again, we assume the truth of this factual assertion without deciding it, although we note there is no indication in the present record to support it.

lation of probation hearing is a separate and distinct adjudicatory proceeding in the nature of a trial.[28] Second, the finding of a violation can lead to the imposition of a new sentence that would require a separate consent before it could be imposed by a Superior Court Commissioner.[29]

■ Although patterned on the Federal Magistrates Act, section 512 differs in at least one significant respect from its federal counterpart. Section 512 does not confer upon Superior Court Commissioners any authority to conduct trials.[30] A violation of probation hearing may be informal or summary in nature.[31] Nevertheless, it is still an adjudicatory proceeding in the nature of a trial that must "comport with the protections of the Due Process Clause of the Fourteenth Amendment." [32]

Delaware Superior Court Criminal Rule 32.1 sets forth the due process protections afforded to Delaware probationers. Rule 32.1 specifically provides that a probationer charged with a violation of probation "shall be afforded a prompt hearing *before a judge of Superior Court* on the charge of violation." [33] Accordingly, we hold that Superior Court Commissioners are without authority to conduct violation of probation hearings.

### Conclusion

This appeal is dismissed. The Commissioner's sentencing order was without legal effect and must be vacated by the Superior Court.[34] Johnson is entitled to a new violation of probation hearing before a Superior Court judge. The Clerk of this Court is directed to send a copy of this opinion to the President Judge of the Superior Court and the judge who sentenced Johnson in February 2005.

**28.** *See* 11 Del. C. § 4334(c) (establishing that a VOP hearing may be informal or summary).

**29.** *See Pavulak v. State,* 880 A.2d 1044, 1046 (Del.2005) (discussing how the original sentence limits the possible range of a subsequent sentence).

**30.** *Compare* 28 U.S.C.A. § 636(a)(3).

**31.** *See* 11 Del. C. § 4334(c) (establishing that a VOP hearing may be informal or summary).

**32.** *Gibbs v. State,* 760 A.2d 541, 543–44 (Del. 2000).

**33.** DEL. SUPER. CT. CRIM. R. 32.1(a) (emphasis added).

**34.** *Franklin v. State,* 855 A.2d 274, 279 (Del. 2004).