IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLOS LOPEZ, | § | |
| | § | |
| Defendant Below, | § | No. 474, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 0506007270 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 10, 2015
Decided: October 5, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 5th day of October 2015, it appears to the Court that:

(1)  On August 31, 2015, the appellant, Carlos Lopez, filed a notice of appeal from a Superior Court commissioner's order dismissing his fourth motion for postconviction relief. A Superior Court judge may refer a motion for postconviction relief to a Superior Court commissioner for proposed findings of fact and recommendations for disposition of the motion.[1]  After the Superior Court commissioner makes his proposed findings of fact and recommendations for disposition and the parties have the opportunity to submit written objections, a

---

[1] 10 *Del. C.* 512(b)(1); Super. Ct. Crim. R. 62(a)(5).

Superior Court judge conducts a *de novo* review of the commissioner's proposed findings of fact and recommendations.[2]

(2) On August 31, 2015, the Senior Court Clerk issued a notice to show cause directing Lopez to show why his appeal should not be dismissed for this Court's lack of jurisdiction to consider an appeal directly from the decision of a Superior Court commissioner. In his response to the notice to show cause, Lopez argues the substantive merits of his motion for postconviction relief. He also argues that the Superior Court commissioner made a decision, rather than a recommendation on his motion for postconviction relief.

(3) In the absence of intermediate review by a Superior Court judge, this Court has no jurisdiction to hear an appeal directly from a Superior Court commissioner's order.[3] Accordingly, this appeal must be dismissed. The appellant may file a notice of appeal once a Superior Court judge reviews the Superior Court commissioner's August 12, 2015 ruling and enters a final order. Given the form of the Superior Court commissioner's ruling, Lopez should be given time to file written objections to that ruling.

---

[2] 10 *Del. C.* 512(b)(1)(d); Super. Ct. Crim. R. 62(a)(5)(iv).

[3] *Johnson v. State*, 884 A.2d 475, 479 (Del. 2005).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Randy J. Holland
Justice