IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GARY STUART, | § | |
| | § | No. 572, 2015 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 0606006590 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 28, 2015
Decided: November 5, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 5th day of November 2015, it appears to the Court that:

(1)    On October 22, 2015, the appellant, Gary Stuart, filed a notice of appeal from a Superior Court commissioner's order purporting to dismiss his third motion for postconviction relief.  The Senior Court Clerk issued a notice to Stuart directing him to show cause why his appeal should not be dismissed for this Court's lack of jurisdiction to consider an appeal directly from a commissioner's decision.  In his response to the notice to show cause, Stuart argues the substantive merits of his motion for postconviction relief and does not address the jurisdictional defect.

(2)    In the absence of intermediate review by a Superior Court judge, this Court has no jurisdiction to hear an appeal directly from a Superior Court

commissioner's order.[1]  Accordingly, this appeal must be dismissed.

(3)     We note that, under 10 *Del. C.* § 512(b)(1)b, a Superior Court judge may refer a motion for postconviction relief to a Superior Court commissioner to make findings and recommendations to be reviewed by the judge *de novo*.  In this case, the commissioner's September 24, 2015 letter incorrectly purported to summarily dismiss Stuart's motion for postconviction relief rather than making findings and recommendations to be reviewed by the referring judge.

(4)     Under these circumstances, we direct the Clerk of this Court to provide a copy of this Order to the Superior Court commissioner and to the referring judge with instructions that Stuart should be permitted 10 days from the date of this Order to file any objections to the commissioner's September 24, 2015 ruling.  Upon the expiration of the 10-day period, the Superior Court shall conduct the required *de novo* and issue a final order in the case.  Stuart may file a notice of appeal once the Superior Court judge reviews the commissioner's September 24, 2015 ruling and enters a final order.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[1] *Johnson v. State*, 884 A.2d 475, 479 (Del. 2005).