IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VINCENTE R. MANISCALCO, | § | |
| | § | |
| Defendant Below, | § | No. 294, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1402002044 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 23, 2016
Decided: July 7, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## <u>ORDER</u>

This 7th day of July 2016, it appears to the Court that:

(1) On June 10, 2016, the appellant, Vincente R. Maniscalco, filed a notice of appeal from a Superior Court order purportedly dated November 24, 2014. Maniscalco attached a sentencing order dated January 13, 2015 and a modified sentencing order dated January 16, 2015 to his notice of appeal. The Superior Court docket reflects that Maniscalco pled guilty on November 24, 2014 and that a Superior Court commissioner denied Maniscalco's first motion for postconviction relief on June 1, 2016.

(2) The Senior Court Clerk issued a notice to show cause directing Maniscalco to show why his appeal should not be dismissed for this Court's lack

of jurisdiction to consider an appeal directly from the decision of a Superior Court commissioner. In his response to the notice to show cause, Maniscalco argues the substantive merits of his claims and does not address the jurisdictional defect.

(3)     In the absence of intermediate review by a Superior Court judge, this Court has no jurisdiction to hear an appeal directly from a Superior Court commissioner's order.[1] Accordingly, this appeal must be dismissed.

(4)     We note that, under 10 *Del. C.* § 512(b)(1)(b), a Superior Court judge may refer a motion for postconviction relief to a Superior Court commissioner to make findings and recommendations to be reviewed by the judge *de novo*. In this case, the commissioner's June 1, 2016 order purported to deny Maniscalco's motion for postconviction relief rather than making findings and recommendations to be reviewed by the referring judge. We further note that on June 28, 2016, after Maniscalco filed his notice of appeal and response to the notice to show cause, the Superior Court entered an order adopting the commissioner's ruling and denying Maniscalco's motion for postconviction relief.

(5)     Because the form of the commissioner's ruling had the appearance of a final order, there is the possibility that the appellant did not understand that his next step in seeking relief from that order was to file exceptions to the Superior Court. Under these circumstances, we direct the Clerk of this Court to provide a

---

[1] *Johnson v. State*, 884 A.2d 475, 479 (Del. 2005).

copy of this Order to the Superior Court commissioner and to the referring judge with instructions that Maniscalco should be permitted ten days from the date of this Order to file any objections to the commissioner's June 1, 2016 ruling.  Upon the expiration of the ten–day period, the Superior Court shall conduct the required *de novo* review and issue a final order in the case.  Maniscalco may then file a notice of appeal from the Superior Court's final order.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice