IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PHILIP DELGROSSO, | § | |
| | § | |
| Plaintiff Below, | § | No. 532, 2018 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| UNITED STATES OF AMERICA, | § | C.A. No. 2018-0638 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: November 13, 2018
Decided: December 5, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause, the appellant's response to the notice to show cause, and the record below, it appears to the Court that:

(1)     On October 16, 2018, the appellant, Philip Delgrosso, filed a notice of appeal from the Court of Chancery.  In response to the Senior Court Clerk's request that Delgrosso complete the Notice of Appeal form and identify the order he was appealing, Delgrosso identified: (i) a Court of Chancery order, dated September 14, 2018, accepting the final report and recommendation, dated August 28, 2018, of the Court of Chancery Master that Delgrosso's application to proceed *in forma pauperis* should be denied and his petition for equitable relief should be dismissed as legally frivolous for lack of subject matter jurisdiction; and (ii) an October 1, 2018 letter

from the Master informing Delgrosso that his exceptions to her August 28, 2018 report and recommendation were untimely. A timely notice of appeal from the Court of Chancery's September 14, 2018 order was due on or before October 15, 2018.[1] The Senior Court Clerk issued a notice directing Delgrosso to show cause why his appeal of the Court of Chancery's September 14, 2018 order should not be dismissed as untimely and why his appeal of the Master's October 1, 2018 letter should not be dismissed for this Court's lack of jurisdiction to hear an appeal from a Master's letter.

(2) In his response to the notice to show cause, Delgrosso states that: (i) he mailed the notice of appeal on October 10, 2018, even though the Court of Chancery's failure to label mail sent to him as "Special Mail—Open in the Presence of the Inmate" caused delays; (ii) as an inmate he should not be held to the same standard as a lawyer; and (iii) it was impossible for him to file timely exceptions to the Master's August 28, 2018 report and recommendation. He does not address this Court's lack of jurisdiction to hear an appeal from a Master's letter.[2]

---

[1] Supr. Ct. R. 6(a)(i)(providing that civil appeal must be filed within 30 days after entry of order on the docket); Supr. Ct. R. 11(a)(providing that when the last day of a time period falls on a weekend or holiday, then the period shall run until the end of the next day the Clerk's Office is open).

[2] *In re Webb*, 2011 WL 4838972, at *1 (Del. Oct. 12, 2011) (citing *Johnson v. State*, 884 A.2d 475, 479) (Del. 2005)).

2

(3)     Time is a jurisdictional requirement.[3]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[4]  This Court has never adopted a prison mailbox rule.[5] Delgrosso's *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[6]  Unless Delgrosso can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his untimely appeal cannot be considered.[7]

(4)     Delgrosso claims that the Court of Chancery's failure to label mail to him as "Special Mail—Open in the Presence of Inmate" caused delays, but he neglects to state when he received the Court of Chancery's September 14, 2018 order or explain why he waited until October 10, 2018 to send his notice of appeal.  He has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel.  This appeal does not fall within the exception to the general rule that mandates the time timely filing of a notice of appeal and must therefore be dismissed.  Dismissal of this appeal renders Delgrosso's motion to proceed *in forma pauperis* moot.

---

[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[4] Supr. Ct. R. 10(a).
[5] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[6] *Carr,* 554 A.2d at 779.
[7] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

3

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.  The motion to proceed *in forma pauperis* is MOOT.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice