IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANCIS NEWTON,[1] | § | |
| | § | |
| Respondent Below, | § | No. 124, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. 19I-01868 (N) |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: May 21, 2020
Decided: July 10, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the responses to the notices to show cause, it appears to the Court that:

(1) In November 2019, the State of Delaware, filed a petition for the involuntary commitment of the appellant, Francis Newton. The State filed the petition after Newton, who suffers from schizophrenia, fired multiple gunshots through a third-story window. Criminal charges from this incident are also pending.

(2) On November 20, 2019, a Superior Court Commissioner found probable cause for Newton's commitment at Delaware Psychiatric Center. On November 27, 2019, a Superior Court Commissioner held an involuntary

---

[1] The Court has assigned a pseudonym to the appellant.

commitment hearing and found clear and convincing evidence that Newton was a mentally ill person in need of continuing inpatient treatment. Pursuant to a different November 27, 2019 order, another involuntary civil commitment hearing was scheduled for January 8, 2020.

(3)  On December 3, 2019, Newton filed a notice of appeal of the Commissioner's November 27, 2019 order in the Superior Court. The Superior Court judge subsequently informed the parties that the audio recording of the November 27, 2019 hearing was inaudible and asked the parties for their positions on how to proceed. At the request of Newton and his appointed counsel, the January 8, 2020 hearing was rescheduled for March so that that the November 27, 2019 order would not become moot and Newton could pursue his appeal of that order.

(4)  As to the inaudibility of the November 27, 2019 hearing recording, the State argued that the Commissioner's notes created a sufficient record for the appeal. Newton's counsel argued that the Commissioner's notes were an insufficient record. According to the State and Newton, the Superior Court judge concluded that the November 27, 2019 could not be recreated with the Commissioner's notes and a new involuntary civil commitment hearing was held on February 26, 2020.

(5)  After the February 26, 2020 hearing, the Superior Court Commissioner found clear and convincing evidence that Newton was a mentally ill person in need of continuing inpatient treatment and outpatient treatment. The order was effective for three months with another hearing to be held on May 20, 2020 if Newton was

not discharged from involuntary treatment. On March 2, 2020, the Superior Court held that the Commissioner's February 26, 2020 order rendered Newton's appeal of the November 27, 2019 order moot under *Radulski v. Delaware State Hospital*.[2] Newton and his counsel filed an appeal of the Superior Court Commissioner's February 26, 2020 order in the Superior Court.

(6) Newton filed an appeal of the Superior Court's March 2, 2020 order in this Court. The Court issued a notice directing Newton to show cause why this appeal should not be dismissed as moot. In response to the notice to show cause, Newton argues that the purpose of February 26, 2020 hearing was to create a record for his appeal of the Superior Court Commissioner's November 27, 2019 order, not to render his appeal of that order moot. The State argues that this appeal is interlocutory because Newton's appeal of the Commissioner's February 26, 2020 order remains pending in the Superior Court. While this appeal was pending, another involuntary commitment hearing was held on June 17, 2020.[3] The Superior Court Commissioner found clear and convincing evidence that Newton was a mentally ill person in need of continuing inpatient treatment and outpatient treatment.

---

[2] 541 A.2d 562 (Del. 1988).

[3] This hearing was originally scheduled for May 20, 2020, but was rescheduled as a result of COVID-19 and the judicial emergency.

(7) "An appeal is moot if the issue in dispute is no longer amenable to a judicial resolution or if a party has been divested of standing."[4] In *Radulski*, this Court held that an appeal of an involuntary commitment order became moot when that order expired.[5] The November 27, 2019 commitment order was rendered moot by the February 26, 2020 commitment order. In the absence of intermediate review of the Commissioner's February 26, 2020 order by the Superior Court judge, this Court does not have jurisdiction to hear an appeal from the February 26, 2020 order.[6] This appeal must therefore be dismissed.

(8) The Court strongly urges the parties, including Newton's appointed counsel, to obtain a prompt final judgment in the Superior Court. As this Court has previously recognized, "an appeal that presents a serious challenge to a Commissioner's involuntary commitment order can be expedited by both the Superior Court and this Court."[7]

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED as moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[4] *Smith v. State*, 2018 WL 6202281, at *1 (Del. Nov. 28, 2018).
[5] 541 A.2d at 566.
[6] *Johnson v. State*, 884 A.2d 475, 479 (Del. 2005).
[7] *Smith*, 2018 WL 6202281, at *2.

4