# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            :

                                   :       ID No. 1511001595

v.                            :       In and For Kent County

                                   :

MARK A. BARTELL,          :

                                   :

Defendant.              :

## OPINION & ORDER

Submitted: September 24, 2020
Decided:  November 4, 2020

Stephen Smith, Deputy Attorney General, Department of Justice, Dover, Delaware, *Attorney for the State*.

Natalie Woloshin, Esquire, Woloshin, Lynch & Associates, P.A., Wilmington, Delaware, *Attorney for the Defendant.*

**Clark, J.**

Defendant Mark Bartell and the State seek reconsideration of a Superior Court Commissioner's post-conviction discovery order. The Court referred Mr. Bartell's Superior Court Criminal Rule 61 proceeding to a Commissioner. When doing so, it requested that she prepare proposed findings of fact and recommendations for final disposition of the matter.

Mid-process, the parties disputed Mr. Bartell's right to post-conviction discovery. To resolve the issue, the Commissioner conducted an *in camera* review of the materials at issue. She compared them to what the State provided to Mr. Bartell before trial. After the review, she ordered the State to produce the majority of the requested materials for inspection, subject to a protective order.

Mr. Bartell now moves the Court to reconsider the Commissioner's order. He challenges the restrictions that she placed upon his access to the documents. The State also seeks reconsideration of her order. It argues that because the Commissioner did not find good cause to order post-conviction discovery, she should not have ordered it to produce the material, even subject to a protective order.

Here, the parties' cross-motions seek inappropriate interlocutory review that would cause inefficient, piecemeal litigation. Although the Commissioner issued a non case-dispositive decision, she issued it the middle of a case-dispositive proceeding. Her final report in the matter will be the *procedural equivalent* of a final order. As a result, both parties' requests that the Court reconsider her discovery order are premature. They will be free to contest the scope of discovery after the Commissioner issues her recommendations and findings of fact if they so wish. In the meantime, the motion and cross-motion must be **DENIED**.

## PROCEDURAL BACKGROUND

A jury convicted Mr. Bartell of two counts of Rape in the Second Degree, one Count of Rape in the Fourth Degree, and two counts of Criminal Solicitation in the First Degree. These convictions accompanied the jury's findings regarding two separate, though related, transactions: (1) a violent sexual assault of a victim; and (2) Mr. Bartell's solicitation of other inmates to kill the victim while he awaited trial.

After the verdict and a presentence investigation, the Court sentenced Mr. Bartell to twenty-six years of incarceration, followed by decreasing levels of probation. Mr. Bartell then filed a direct appeal to the Delaware Supreme Court. In an Order issued on March 29, 2018, the Supreme Court affirmed the convictions and sentences.[1]

Thereafter, Mr. Bartell filed a *pro se* motion for post-conviction relief. In it, he alleged ineffective assistance of counsel and prosecutorial misconduct. The Court then appointed post-conviction counsel to represent him.[2] It also referred the matter to a Superior Court Commissioner pursuant to 10 *Del. C*. § 512(b) for proposed findings of fact and recommendations.

During the Rule 61 proceedings, Mr. Bartell requested post-conviction discovery from the State. The requested material included five items that he alleges constituted either *Brady*[3] material or material that the State should have otherwise produced prior to trial. It included unredacted police reports, notes taken by a detective while transporting Mr. Bartell, inmate letters written to the Department of Justice, an unredacted copy of a latent fingerprint report, and a copy of the subpoena used to obtain Mr. Bartell's prison calls. The State refused the request, citing a lack

---

[1] *Bartell v. State*, 183 A.3d 1280 (Del. 2018).
[2] *See* Super. Ct. Crim. R. 61(e)(2)(i) (providing for appointment of counsel for an indigent movant convicted of a class A, B, or C felony in a first post-conviction relief motion).
[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

of good cause to justify post-conviction discovery.  At that point, Mr. Bartell moved for an order compelling the State to produce the materials.

After reviewing the materials *in camera* and comparing them to the redacted documents the State had originally produced, the Commissioner ordered the State to produce much of what Mr. Bartell requested.[4]  Namely, the Commissioner ordered the parties to agree upon a protective order that would (1) provide Mr. Bartell's counsel access to the unredacted police reports and the latent fingerprint report, while (2) prohibiting Mr. Bartell from having access to the documents.[5]  The Commissioner also ordered the State to make available copies of inmate letters written to the Department of Justice that were relevant to the criminal solicitation charges and the State's consciousness of guilt theory.[6]  On balance, the Commissioner ordered production of the requested documents with the exception of the subpoena for Mr. Bartell's prison phone calls.

Mr. Bartell then filed a motion requesting the Court to reconsider the discovery order.  In his motion, he contends that the Commissioner abused her discretion when she placed restrictions on his unfettered right to access the materials. In a cross-motion, the State counters that the Commissioner abused her discretion when ordering any post-conviction discovery because she did not find good cause to require it.

Both the motion and cross-motion assumed that because the Commissioner's order compelled discovery and was *not* a case-dispositive decision, the standard of review and timing requirements in Superior Court Criminal Rule 62(a)(4) applied.[7]

---

[4] Comm'r Order Regarding Mot. to Compel, *Bartell v. State*, ID No. 1511001595 (Del. Super. Apr. 7, 2020).

[5] *Id.*

[6] *Id.*

[7] *See* Super. Ct. Crim. R. 62(a)(4)(iv) (providing the standard of review of a commissioner's non case-dispositive order as determining if the commissioner's decision was clearly erroneous, contrary to law, or an abuse of discretion).

The Court considered the initial filings that addressed only the propriety of the Commissioner's decision. The Court then notified the parties by letter that it was considering denying the motion and cross-motion because they sought improper interlocutory review.[8] Because neither party had addressed that issue in their briefing, the Court invited them to provide supplemental arguments regarding this procedural issue.[9]

In his supplement, Mr. Bartell focused on his concern that he could lose his right to challenge the decision if he failed to file a motion for reconsideration within ten days of the non case-dispositive order.[10] He also highlighted authority recognizing that there is no direct appeal from a Superior Court commissioner to the Delaware Supreme Court. In the State's supplement, it represented that it found no Delaware authority on the issue.

## STANDARDS APPLICABLE TO COMMISSIONER'S ORDERS AND RECOMMENDATIONS

There are two separate categories of Superior Court commissioner responsibilities in criminal matters: to hear and provide recommendations regarding case-dispositive matters, and to hear and decide non case-dispositive matters. Separate timeliness requirements and standards of review apply to the two.[11]

First, pursuant to 10 *Del. C.* § 512(b)(1)b, the Court may designate a commissioner to review applications for post-conviction relief; that is a case-dispositive matter.[12] When the Court refers a post-conviction matter for

---

[8] *State v. Bartell*, 2020 WL 5117961, at *1 (Del. Super. Ct. Aug. 31, 2020).
[9] *Id.*
[10] *See* Super. Ct. Crim. R. 62(a)(4)(ii) (requiring parties to file written objections within 10 days after the filing of the Commissioner's order).
[11] Super. Ct. Crim. R. 62(a)(5)(iv); Super. Ct. Crim. R. 62(a)(4)(iv).
[12] 10 *Del. C.* § 512(b)(1)b.

recommendations for disposition, the commissioner conducts any necessary hearings and manages all proceedings while fulfilling this role.[13] *After* the commissioner issues his or her findings and recommendations, either party then has ten days to file written objections to those findings and recommendations.[14] At that point, a Superior Court judge performs a *de novo* review of any contested portions of the commissioner's report.[15] Pursuant to that review, the Court may either accept, reject, or modify the report in whole, or in part.[16] The Court (meaning in this instance, the judge) can also elect to hear additional evidence or recommit the matter to the commissioner with further instructions for review.[17]

Superior Court Criminal Rule 62 further elaborates upon the standard of review and timeliness requirements applicable to case-dispositive matters. Rule 62(a)(5) empowers a commissioner to conduct "hearings involving post-conviction relief pursuant to Rule 61."[18] It also provides for a commissioner to submit proposed finding of facts and recommendations to a judge.[19] Rule 62(a)(5) further recognizes that either party may object to the commissioner's findings of facts and recommendations within 10 days after being served with the report.[20] As in the statute, this Rule provides that a judge must then perform a *de novo* review of objected to portions of the commissioner's report.[21]

Second, and separately, Superior Court Rule 62 recognizes the process surrounding a commissioner's non case-dispositive decisions.[22] Within 10 days of

---

[13] *Id.*
[14] *Id.* at § 512(b)(1)d.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] Super. Ct. Crim. R. 62(a)(5).
[19] Super. Ct. Crim. R. 62(a)(5).
[20] Super. Ct. Crim. R. 62(a)(5)(ii).
[21] Super. Ct. Crim. R. 62(a)(5)(iv).
[22] Super. Ct. Crim. R. 62(a)(4).

a commissioner's order regarding a non case-dispositive matter, either party may file written objections in the form of a motion for reconsideration.[23]  A judge then hears that motion and applies a narrower standard of review.  Namely, the judge reviews the order to determine if it was clearly erroneous, contrary to law, or an abuse of discretion.[24]

## ANALYSIS

The Commissioner's order in this matter was non case-dispositive.  Mr. Bartell did not want to lose his right to challenge a discovery ruling that he felt to be in error.  Likewise, the State sought reconsideration of the order, which it also disagreed with.  Notwithstanding these concerns, under the case-dispositive referral process, Mr. Bartell and the State seek inappropriate interlocutory review.

By way of comparison, Supreme Court Rule 42 provides the criteria applicable to interlocutory appeals from the Superior Court to the Supreme Court. Neither the Superior Court's criminal nor its civil rules provide an equivalent.  The absence of a rule that articulates the standards for such a review does not alter the fundamental nature of the review sought, however.  Namely, an interlocutory appeal seeks review before a final judgment.[25]  A final judgment refers to the Court's final decision on the case as a whole,[26] and appellate review is generally inappropriate absent a final judgment.[27]   Although the commissioner's recommendations are not judgments, they constitute recommendations regarding final judgments.  In that

---

[23] Super. Ct. Crim. R. 62(a)(4)(ii).
[24] Super. Ct. Crim. R. 62(a)(iiv).
[25] *Interlocutory Appeal*, BLACK'S LAW DICTIONARY (10th ed. 2014).
[26] *Final Judgement*, BLACK'S LAW DICTIONARY (10th ed. 2014).
[27] *See Ownbey v. Morgan,* 105 A. 838, 844 (Del. 1919) (explaining the final judgement rule and the purpose of requiring a final decision before review); *see also Augusiewicz v. State*, 2009 WL 2852554, at *3 (Del. Super. Ct. Aug. 31, 2009) (noting the "Delaware courts have repeatedly referred to the 'strong policy' against piecemeal appeals embedded in the final judgement rule").

regard, a commissioner's recommendation should be treated the same as a final judgment for purposes of interlocutory review.

Here, because there is no applicable rule, the Court must focus on the common law's disfavor of interlocutory appeals absent a statute or rule that permits them.[28] Interlocutory matters by definition involve piecemeal litigation that impact judicial and party efficiency and economy.[29] As recognized in Delaware Supreme Court Rule 42, "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[30] Although Supreme Court Rule 42 does not apply to the current motion, the concerns recited by Supreme Court Rule 42 are nevertheless instructive.

The general rule is that discovery rulings are most often non-appealable interlocutory matters.[31] The Court's election to review a discovery order at this point in the Rule 61 process would be inefficient and would disturb the orderly administration of justice. In fact, permitting a motion for reconsideration (the functional equivalent of an appeal) would encourage parties to challenge other interim decisions in the case-dispositive referral process prematurely.

In a case-dispositive matter, a commissioner must necessarily have full control over the proceedings. When recognizing this necessity, the common law's

---

[28] *See* 4 Am. Jur. 2d Appellate Review § 110 (explaining the general rule that "[a]ppellate courts ordinarily have jurisdiction to consider immediate appeals of interlocutory orders only if a statute or rule explicitly provides appellate jurisdiction").

[29] *See Augusiewicz* at *2-4 (Del. Super. Ct. Aug. 31, 2009) (explaining why interlocutory appeals are disfavored in Delaware).

[30] Del. Supr. Ct. R. 42(b)(ii).

[31] *Lummus Co. v. Air Prods. & Chems. Inc.*, 243 A.2d 718, 719 (Del. 1968); *see* 4 Am. Jur. 2d Appellate Review § 134 (explaining the general rule that discovery orders are interlocutory and not subject to immediate review); *see also* 4 Am. Jur. 2d Appellate Review § 207 (explaining that, in a criminal case, orders for production or inspection of books and papers are generally not directly appealable).

general disfavor of interlocutory appeals guides the Court's decision. Namely, reviewing the Commissioner's discovery order at this point would: (1) disrupt the established referral process of post-conviction matters; (2) cause the Commissioner undue delay in issuing her final report; and (3) waste both party and judicial resources by considering overlapping issues separately rather than on one occasion. There are no extraordinary circumstances making interlocutory review appropriate in this case. A commissioner's post-conviction discovery order is reviewable as a matter of course only after a commissioner issues a final report and recommendation to a judge.[32]

Neither the parties nor the Court identified authority that addresses the extent to which a party can seek reconsideration of a discovery order issued by a commissioner during a case-dispositive proceeding. In the absence of such authority, the procedural history in a number of Superior Court decisions illustrates the proper process. Namely, these cases correctly recognize that the Court should review a commissioner's post-conviction discovery order when reviewing his or her final recommendations.[33] Given this approach, the parties will not lose their ability to contest an interim ruling in a referred case-dispositive matter. Rather, they may

---

[32] *See Gottlieb v. State*, 697 A.2d 400, 402 (Del. 1997) (finding federal law persuasive and consistent with the Delaware collateral order doctrine that for a criminal interlocutory order to be appealable, it must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgement). The collateral order doctrine is not implicated here because a commissioner's interim discovery order in a case-dispositive proceeding is fully reviewable at the end of the referral process.

[33] *See e.g. State v. Daniels*, 2016 WL 7235691, at *1 (Del. Super. Dec. 13, 2016) (demonstrating that a judge appropriately reviews a commissioner's post-conviction discovery decision at the same time he or she reviews the commissioner's recommendation to deny the post-conviction motion); *see also State v. Gordon*, 2016 WL 5853591, at *2 (Del. Super. Ct. Sept. 8, 2016) (also illustrating that a judge's review of a commissioner's decision regarding a motion to compel discovery is properly reviewed at the same time the judge reviews the commissioner's final findings and recommendation on a post-conviction relief motion).

contest matters relevant to a commissioner's findings and recommendations after the commissioner issues a final report.

As a final matter, the authority Mr. Bartell relies upon when advocating judicial review at this point is unpersuasive. Namely, he cites three decisions that he contends makes this interim review appropriate: *Floyd v. State*[34], *Johnson v. State*[35], and *Carr v. State*.[36] All three decisions recognize only that the Delaware Supreme Court lacks appellate jurisdiction to hear appeals directly from a Superior Court commissioner.[37] They do not address relevant aspects of the referral process between Superior Court judges and commissioners.

On balance, this Rule 61 proceeding shall continue in due course. The Commissioner's discovery order is not reviewable under these circumstances. Neither party will suffer unfair prejudice as a result.

**CONCLUSION**

For the reasons discussed, the motion and cross-motion for reconsideration are **DENIED.** The parties shall use the date of this Order as the starting date for any deadlines provided in the Commissioner's discovery order.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[34] *Floyd v. State*, 925 A.2d 503, 2007 WL 1206947, at *1 (Del. Apr. 25, 2007) (TABLE).
[35] *Johnson v. State*, 884 A.2d 475, 478 (Del. 2005).
[36] *Carr v. State*, 757 A.2d 1277, 2000 WL 1196165, at *1 (Del. July 20, 2000) (TABLE).
[37] *Floyd* at *1; *Johnson* at 478; *Carr* at *1.

10