IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MALIK NASIR, | § | |
| | § | |
| Petitioner Below, | § | No. 477, 2023 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. K16M-03-005 |
| | § | |
| Appellee. | § | |

Submitted: January 12, 2024
Decided: February 9, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     The appellant, Malik Nasir, filed this appeal from an order of a Superior Court commissioner that denied[1] his petition for return of property under 16 *Del. C.* § 4784.  The Senior Court Clerk issued a notice to Nasir to show cause why the appeal should not be dismissed for this Court's lack of jurisdiction to consider an appeal taken directly from a Superior Court commissioner's order.

---

[1] The Commissioner's decision is styled as a "Commissioner's Order" and states that the petition is denied and that the property at issue "will be forfeited to the State."  We note that under the Superior Court rules of civil procedure, Superior Court Commissioners may "conduct case-dispositive hearings" and "submit to a judge of [the Superior Court] proposed findings of fact and recommendations for the disposition, by a judge, of any such case-dispositive matter."  DEL. SUPER. CT. R. CIV. PROC. 132(a)(4).

(2) In response to the notice to show cause, Nasir states that after he received the commissioner's order he went to the Superior Court to file "a post judgment motion to object to the Commissioner's order," but a judicial case manager told him that "an appeal of the Commissioner's order was not to be filed in the Superior Court, but to be filed in the Delaware Supreme Court." He asserts that he received similar information from staff in the office of the Clerk of this Court. After receiving this Court's notice to show cause, he filed in the Superior Court a motion for an extension of time to file objections to the commissioner's order.

(3) At the Court's request, the State answered Nasir's response, stating that the judicial case manager that Nasir identified indicated that she did speak with Nasir, but that she told him that she could not give legal advice. The State asserts that the appeal should be dismissed because "the right to review of a commissioner's order is to a judge of the Superior Court."[2] But the State contends that Nasir is not without a remedy, because he may pursue his motion for an extension to file objections to the commissioner's order.

(4) It is well settled that this Court does not have jurisdiction to hear an appeal taken directly from an order issued by a Superior Court commissioner and that the right to review of a Superior Court commissioner's order is to a judge of the

---

[2] *Desousa v. State*, 2022 WL 1021618 (Del. Apr. 5, 2022).

Superior Court.[3]  Accordingly, this appeal must be dismissed.  We leave to the Superior Court to decide in the first instance whether to grant Nasir's motion for an extension of time to file exceptions to the commissioner's order.[4]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[3] *Browne v. State Farm Inc.*, 2022 WL 5073767, at *1 (Del. Oct. 4, 2022) (citing *Johnson v. State*, 884 A.2d 475, 478 (Del. 2005), and DEL. SUPER. CT. R. CIV. PROC. 132(a)(4)); *Lions Share Trust v. United Servs. Auto. Ass'n*, 2023 WL 6842479, at *1 (Del. Oct. 16, 2023) (citing *Browne*).

[4] DEL. SUPER. CT. R. CIV. PROC. 132(c).  *Cf. Lions Share Trust*, 2023 WL 6842479, at *1 ("As the appellants did not serve and file written objections to the Commissioner's order within ten days as permitted under Superior Court Civil Rule 132(a)(4)(ii), it appears that the case may be closed if the Superior Court judge accepts the Commissioner's order." (citations omitted)); *Browne*, 2022 WL 5073767, at *1 ("[T]he appellant should be given the opportunity to file written objections to the commissioner's order.").