Mark **FRANKLIN**, Defendant
Below–Appellant,

v.

**STATE of Delaware**, Plaintiff
Below–Appellee.

No. 664,2002.

Supreme Court of Delaware.

Submitted: April 1, 2004.
Decided: July 20, 2004.

Sandra W. Dean, Esquire, Office of the Public Defender, Dover, Delaware, for Appellant.

Kim Ayvazian, Esquire, Department of Justice, Georgetown, Delaware, for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, and JACOBS, Justices, and CHANDLER, Chancellor,[1] constituting the Court en Banc.

CHANDLER, Chancellor.

The defendant-appellant, Mark Franklin, was found guilty by a Superior Court jury of three counts of second degree rape. He was sentenced to a total of thirty years of incarceration. This is Franklin's direct appeal of his convictions.

## I.  BACKGROUND

Mark Franklin was charged with three counts of rape in the second degree, involving two young children who attended his mother's daycare facility. At the time of the alleged rapes, Franklin himself was only 14 years old. The charges were transferred from Family Court to Superior

---

**1.** Sitting by designation pursuant to DEL. CONST. Art. IV, § 12 and DEL. SUPR. CT. R. 2 & 4.

Court pursuant to 10 *Del. C.* § 1010, 1011.[2] Franklin sought a transfer back to Family Court under 10 *Del. C.* § 1010 and timely filed what is referred to as a "reverse amenability" motion.[3]

After the defendant requested a reverse amenability determination, the presiding judge, rather than hearing the matter personally, referred the matter to a Superior Court Commissioner to conduct an evidentiary hearing and to submit proposed findings of fact and recommendations pursuant to 10 *Del. C.* §·512. The Commissioner held a hearing and issued a written report finding that Franklin was not amenable to rehabilitation as a juvenile in the jurisdiction of the Family Court. Franklin filed written objections to the Commissioner's report, to which the State responded. Upon review of the Commissioner's report and the parties' submissions, the Superior Court issued an order stating, in its entirety:

 a. Having conducted a *de novo* review of the proceedings I adopt the well-reasoned Commissioner's Report and Recommendation;

 b. The defendant's Motion to Transfer to the Family Court is ***denied***.[4]

The Superior Court gave no explanation as to its reasoning or decision-making process other than the above-quoted passage.

The case proceeded to trial before a different judge of the Superior Court. Franklin was convicted by a jury of all three counts of rape in the second degree. The Superior Court then sentenced Franklin to thirty years in prison.

## II. ANALYSIS

### A. The Reverse Amenability Determination

■ Under 10 *Del. C.* § 512(b)(1)a., the Superior Court may designate a Commissioner to hear and determine any pretrial matter pending before the Court, "except a motion for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss for failure to state a claim upon which relief can be granted and to involuntarily dismiss an action." Where the Commissioner determines a matter pursuant to a referral under subsection (1)a., the Superior Court may then review the Commissioner's determination under an abuse of discretion standard.

■ In this instance, the matter referred to the Commissioner involved whether jurisdiction over Franklin should remain in the Superior Court, or whether it should be transferred to the jurisdiction of the Family Court. That is, unless the Commissioner determined that the defendant was not amenable to rehabilitation as a delinquent in Family Court, the Superior Court would be stripped of jurisdiction and the charges against the defendant would be transferred to Family Court. This would result in a *de facto* dismissal of the charges in Superior Court. For that reason, we conclude that the reverse amenability hearing is a potentially case dispositive pretrial motion that may not be

2. Under 10 *Del. C.* § 1011(b), a child charged with rape in the second degree shall be proceeded against as an adult unless the Court finds, upon application of the defendant, that the "interests of justice would be best served by ... transfer" to the jurisdiction of the Family Court.

3. "In the event the case is transferred ... the case shall proceed as if it had been initially brought in the Family Court, and the Family Court shall have jurisdiction of the case, anything to the contrary [in Chapter 10] notwithstanding." 10 *Del. C.* § 1011(d).

4. Superior Court Order dated June 19, 2002 ("June 19 Order") at 2 (original emphasis).

referred to the Commissioner under 10 *Del. C.* § 512(b)(1)a.

■ If this matter was properly referred to the Commissioner, then, it must be pursuant to another statutory provision. Under § 512(b)(1)b.,

> "A judge may also designate a Commissioner to conduct hearings, including evidentiary hearings, and to submit to a judge of the Court proposed findings of fact and recommendations for the disposition, by a judge of the Court, of any motion excepted in subparagraph a. of this paragraph...."

In other words, a case dispositive pretrial motion prohibited under subsection a. may be referred to the Commissioner under subsection b., not for "determination," but instead for "findings of fact and recommendations for ... disposition." Because we conclude that the reverse amenability hearing was a potentially case dispositive pretrial motion prohibited from reference to the Commissioner under § 512(b)(1)a., it therefore must have been referred for recommendation under § 512(b)(1)b.

■ Under the authority of that subsection, the Commissioner does not make a "determination," that is, the decision of the Commissioner is not a decision at all—the Commissioner merely makes recommendations. A judge must still undertake his or her own review of the recommendations of the Commissioner issued pursuant to § 512(b)(1)b., and it is that decision which forms the "opinion of the Court" based upon which the Court may retain jurisdiction or transfer the matter to Family Court.[5] Pursuant to statute, the Court must consider all factors that it deems relevant to the proposed transfer of jurisdiction over the child to the Family Court, including:

(1) The nature of the present offense and the extent and nature of the defendant's prior record, if any;

(2) The nature of past treatment and rehabilitative efforts and the nature of the defendant's response thereto, if any; and

(3) Whether the interests of society and the defendant would be best served by trial in the Family Court or in the Superior Court.[6]

Here, the decision of the Superior Court, expressed in the June 19 Order, conveys nothing about how the presiding judge viewed the application of these and other relevant factors. Although he stated that he had reviewed the matter *de novo*, the presiding judge merely (a) recited the Commissioner's conclusion that the transfer to Family Court would be neither in the best interest of the defendant nor society, (b) stated that he had considered the Commissioner's report together with the defendant's written objections to the report and the State's response, and then (c) concluded that "having conducted a *de novo* review of the proceedings I adopt [the Commissioner's] well-reasoned report and recommendation."[7]

If the presiding judge were reviewing a report of the Commissioner under § 512(b)(1)a., which empowers the Court to "reconsider" whether a Commissioner's order "is based on findings of fact that are clearly erroneous, or is contrary to law or an abuse of discretion," the presiding judge's June 19 Order "adopting" the Commissioner's report and recommendation might be appropriate. As we have found, however, this matter was necessarily referred to the Commissioner under

---

5. *See* 10 *Del. C.* § 1011(b)d.

6. 10 *Del. C.* § 1011(b)(1)-(3).

7. June 19 Order at 2.

§ 512(b)(1)b. Under that subsection, a report of the Commissioner, no matter how rigorously considered or well reasoned, is merely precatory. Unlike a determination under subsection a., the Commissioner's report and recommendation under subsection b. is not a decision of the Court. Only the presiding judge's order could have that binding effect.

Unfortunately, the June 19 Order on its face is insufficient. The presiding judge failed to identify what factors, whether statutorily required or statutorily permitted, influenced his determination that Franklin, a 14 year old boy, was not amenable to Family Court jurisdiction. Nor did the presiding judge identify or address the defendant's written objections to the Commissioner's report in his Order denying transfer to the Family Court. The issue that was the subject of the June 19 Order is no small matter. If, as the defendant sought, the matter had been commended to the jurisdiction of the Family Court, the issue for trial would have been the delinquency of the child and what rehabilitation measures were appropriate in light of that delinquency. If, on the other hand, the child was found non-amenable to the Family Court jurisdiction, as the State urged, he would be tried as an adult in Superior Court on three very serious felony charges, and would face as a maximum penalty that which he ultimately received: imprisonment for 30 years. The gravity of the amenability decision and its potential affect on a child of Franklin's age can hardly be overstated.

Because the report of the Commissioner, however well reasoned, was purely preca-tory and because the presiding judge failed to articulate in any way his reasons for adopting the Commissioner's recommendations and for rejecting the defendant's written objections, this Court cannot engage in a meaningful review. We cannot evaluate whether or not the presiding judge's Order is based upon erroneous findings of fact, is contrary to law, or represents an abuse of discretion.[8] For these reasons, it is necessary to remand this matter to the Superior Court for an independent, articulated determination of the defendant's amenability to Family Court jurisdiction.

### B. Evidence of Prior Sexual Acts

The defendant points to a second error in the process leading to his conviction, namely, that he was denied the opportunity to present to the jury evidence of certain prior sexual acts purportedly engaged in by the alleged victims. That evidence, the defendant argues, was necessary to rebut the natural inference in the minds of the jurors that the victims, aged 6 and 7, would be too sexually innocent to fabricate their allegations about the defendant and that those allegations must therefore be true. In order to rebut this inference, argues the defendant, the prior sexual conduct of the victims is relevant and admissible under Delaware's rape shield law, 11 Del. C. § 3508. The State counters that other jurisdictions interpreting statutes similar to § 3508 have held such prior sexual activity inadmissible where, as here, the prior acts are "different in kind" from those alleged in the criminal complaint against the defendant.[9]

8. Like a report of a Master in the Court of Chancery, "rulings, findings of facts, conclusions of law, and recommended disposition" by a Commissioner pursuant to 10 Del. C. § 512(b)(1)b. "have no effect until they are adopted by a judge after a 'meaningful review.'" DiGiacobbe v. Sestak, 743 A.2d 180, 183 (Del.1999).

9. See, e.g., People v. Hill, 289 Ill.App.3d 859, 225 Ill.Dec. 244, 683 N.E.2d 188, 192 (1997) ("must engage the same sexual acts embodied

■■ Because a legally valid determination of jurisdiction was never made before Franklin's Superior Court trial, that trial (and the verdicts reached in it) is of no legal effect.[10] For that reason we have remanded this case for a determination by the presiding Superior Court judge of the defendant's amenability to the jurisdiction of Family Court. Because the defendant (assuming he is found non-amenable to the Family Court's jurisdiction) would have to be retried in the Superior Court, we need not reach the issue of the admissibility of the alleged victims prior sexual acts. We note, however, that the admissibility of any prior sexual acts must be determined in light of the facts and circumstances at hand and the purposes of the rape shield law itself. For these reasons, the Superior Court on retrial (or, if the defendant is found amenable, the Family Court in the first instance) is not bound by the determination of the admissibility of the prior sexual acts based on the law of the case doctrine or otherwise.

## III. CONCLUSION

For the foregoing reasons, the convictions from which this appeal is taken are reversed and the case is remanded for further proceedings in accordance with this Opinion.

in the child's testimony"); *State v. Pulizzano,* 155 Wis.2d 633, 456 N.W.2d 325, 335 (1990) ("must make an offer of proof showing ... that the acts closely resembled those of the present case").

10. Because the Commissioner's recommendation was merely precatory and the June 19 Order was without legal effect, the Superior Court never properly exercised jurisdiction over Franklin. Allowing a *post-hoc* determination of amenability to resurrect an otherwise invalid trial would undermine the concept of "meaningful review."