# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUSSELL E. WALKER, | § | No. 183, 2015 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| CITY OF NEW CASTLE and JOHN | § | C.A. No. N13C-09-152 |
| LLOYD, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: October 16, 2015
Decided: December 31, 2015

Before **HOLLAND, VAUGHN** and **SEITZ**, Justices.

## ORDER

This 31st day of December 2015, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) On March 24, 2015, the Superior Court entered an amended order dismissing two cases: *Walker v. New Castle County*, C.A. No. N13C-03-281, and *Walker v. City of New Castle*, C.A. No. N13C-09-152 (collectively, "the Cases"). This appeal is from the dismissal of *Walker v. City of New Castle*. Under all the circumstances as described below, we conclude that, in *Walker v. City of New Castle* only, the Superior Court's judgment must be reversed and the matter remanded for further proceedings.

(2)     The *pro se* appellant, Russell Walker, is the former owner of two residential properties in Wilmington. In his complaint filed in *Walker v. City of New Castle*, Walker averred that he bought the properties in 2005 and operated them as for-profit group homes for mentally disabled individuals and "other minorities" until the properties were sold at sheriff's sales in 2011 and 2013.

(3)     Walker filed the complaint in *Walker v. New Castle County* in March 2013, naming "New Castle County Code Enforcement/Customer Relations, Department of Land Use" and others as the defendants (hereinafter "the County Case").[1] Walker filed the complaint in *Walker v. City of New Castle* in September 2013, naming the City of New Castle and John Lloyd as the defendants (hereinafter "the City Case").[2]

(4)     Both the County Case and the City Case were assigned to the same Superior Court Trial Judge. Although the Trial Judge may have intended to consolidate the Cases, the record reflects that an order of consolidation was never issued, and it does not appear that any of the parties requested consolidation.

---

[1] The Court has taken judicial notice of the Superior Court docket and pleadings in the County Case, namely *Walker v. New Castle County*, C.A. No. N13C-03-281.

[2] John Lloyd is a code enforcement officer for the City of New Castle.

2

(5)    The dockets in the Cases reflect that, in early September, the parties in the City Case were engaged in discovery, and the parties in the County Case were preparing for a hearing on the defendants' motion to strike and motion for a more definite statement. On September 12, 2014, at the request of the Trial Judge, a Superior Court Commissioner scheduled a joint status conference in the Cases. The conference notice was sent to Walker, counsel for the defendants in the County Case, and counsel for the defendants in the City Case. Walker and both counsel attended the status conference on October 15, 2014.

(6)    It appears that the transcript of the October 15 status conference was prepared and filed in the County Case on December 8, 2014. The transcript was not filed in the City Case. It appears from the transcript that at the outset of the conference, counsel in the City Case explained to the Commissioner that the Cases were not consolidated.[3] The transcript also reflects that with one exception, the Commissioner directed the discussion and all of his questions to counsel in the County Case and to Walker, about the County Case. The one exchange between the Commissioner and counsel in the City Case occurred halfway through the conference, as follows:

---

[3] Status Conference Tr. at 6-7 (Oct. 15, 2014).

3

Commissioner: I assume Mr. Walker doesn't hold all of the disabled people in the City of New Castle?

Counsel: In New Castle County?

Commissioner: City, County.

Counsel: I wouldn't say that seems a little farfetched.[4]

(7) The transcript reflects that near the end of the status conference, the Commissioner stated: "[The Trial Judge] is looking for a more definite statement. There's nothing new here. I would recommend he dismiss the case. There's nothing here."[5] The Commissioner then asked counsel in the County Case, "What's the County's position? Would you stand in the way of the judge dismissing the case? Do you have any reason to try to settle the case?"[6] The Commissioner did not ask the same question of counsel in the City Case. At the conclusion of the conference the Commissioner again stated, "My recommendation is . . . to dismiss this case."[7]

(8) Following the status conference, a judicial action form was jointly filed in the Cases. Although the form stated "COMMISSIONER RECOMMENDS DISMISSAL OF CASE," it does not appear that, at any

---

[4] *Id.* at 18-19.

[5] *Id.* at 27.

[6] *Id.* at 28.

[7] *Id.* at 32.

4

time thereafter, the Commissioner submitted proposed findings of fact and recommendations for dismissal, of either or both of the Cases, under Superior Court Civil Rule 132.[8]

(9)　After the status conference, Walker filed a motion for summary judgment in the County Case followed by a "motion for voluntary withdrawal," which sought to voluntarily dismiss the County Case "without prejudice." A hearing on the motions was scheduled for March 18, 2015. Several days before the hearing, Walker filed a letter in the County Case indicating that he would not be able to attend the hearing, but that the "motion to withdraw [the County Case] still stands."[9]

(10)　The hearing on Walker's summary judgment and voluntary withdrawal motions proceeded as scheduled on March 18, 2015. Counsel in the County Case appeared at the hearing. Walker did not. At the conclusion of the hearing, the Trial Judge indicated that he would issue an order dismissing the County Case with prejudice.[10]

(11)　By amended order dated March 24, 2015, the Trial Judge dismissed both the County Case and the City Case with prejudice. This

---

[8] *See* Del. Super. Ct. Civ. R. 132(a)(4) (requiring that Commissioner submit proposed findings of fact and recommendations of any case-dispositive matter to a Judge and mail copies of the proposed findings of fact and recommendations to the parties).

[9] Walker explained that he could not attend the hearing because he was "seriously injured in an accident" on February 25, 2015, and was "still recovering from this accident."

[10] Hr'g Tr. at 6 (Mar. 18, 2015).

5

appeal followed. On appeal, Walker contends that the Superior Court erred when dismissing the City Case.

(12) Having reviewed the record and the parties' briefs on appeal, we conclude that the Trial Judge erred when dismissing the City Case following the March 18 hearing in the County Case. The Court finds that Walker did not receive notice that the March 18 hearing could result in a dismissal of the City Case. As noted in the answering brief on appeal, the March 18 hearing was noticed for, and concerned only, Walker's summary judgment and voluntary withdrawal motions in the County Case. Neither of those motions was filed or referenced in any way in the City Case. Counsel in the City Case did not attend the March 18 hearing, and the City Case was not discussed at the hearing.

(13) The Court also finds that the City Case cannot be dismissed on the basis of the Commissioner's recommendation at the conclusion of the October 15, 2014 status conference. The transcript reflects that the conference's focus was on the County Case, not the City Case, and neither the transcript nor the joint judicial action form suggests that the Commissioner's recommendation "to dismiss this case" was intended to include the City Case.

(14) Finally, although the March 24 amended order refers to and relies on a "report and recommendation" for dismissal issued by the Commissioner after the October 15 status conference, such a report does not appear on the docket or in the record in either of the Cases, and neither party has referred to such a report in the briefs on appeal. In the apparent absence of a written report of proposed findings and recommendations sent to the parties and the opportunity to file objections, the Commissioner's recommendation "to dismiss this case" has no effect.[11]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is REVERSED. This matter is REMANDED to the Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

Justice

---

[11] *Franklin v. State*, 855 A.2d 274 (Del. 2004) (citing 10 *Del. C.* § 512(b)(1)b and *DiGiacobbe v. Sestak*, 743 A.2d 180, 183 (Del. 1999)). *Compare* Del. Super. Ct. Civ. R. 132(a)(4) (requiring that Commissioner submit proposed findings of fact and recommendations of any case-dispositive matter to a Judge and mail copies of the proposed findings of fact and recommendations to the parties) *and* Del. Super. Ct. Civ. R. 132(a)(3) (requiring that Commissioner file an order in a non-case-dispositive matter with the Prothonotary and mail copies of the order to the parties and providing that proposed findings of fact and recommendations are not necessary in a Commissioner's order in a non-case-dispositive matter).

7