IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARK D. FRANKLIN,        §
§    No. 77, 2017
     Defendant Below,         §
     Appellant,                §
§    Court Below—Superior Court
§    of the State of Delaware
     v.                       §
§    Cr. ID No. 0108020942 (K)
STATE OF DELAWARE,       §
§
     Plaintiff Below,           §
     Appellee.              §

Submitted: April 3, 2017
Decided:    June 22, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

**O R D E R**

This 22nd day of June 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Mark D. Franklin, filed this appeal from his conviction and sentencing in the Superior Court on January 27, 2017, after an uncontested hearing on his fourth violation of probation ("VOP"). The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Franklin's opening brief that the appeal is without merit. We agree and affirm.

(2)    In December 2004, Franklin agreed to plead guilty to three counts of Rape in the Third Degree. On March 1, 2005, the Superior Court sentenced Franklin, effective August 28, 2001, to a total of thirty years at Level V suspended after fifteen

years for Level III probation.[1]  As part of the sentence, Franklin was ordered to have no contact with any minor under the age of eighteen.[2]

(3)     Franklin was found guilty of VOP three times between late April 2015 and early January 2017.  In two of the three VOPs, Franklin was found to have had contact with minors under the age of eighteen in violation of his sentence and the conditions of his probation.  On the third VOP, Franklin was sentenced, on January 13, 2017, to a total of fifteen years at Level V immediately suspended for Level III probation.

(4)     On January 17, 2017, just four days after Franklin was sentenced for his third VOP, probation officials charged Franklin with his fourth VOP after they found him in the presence of a child at his home.  At a hearing held on January 27, 2017, Franklin's defense counsel advised the Superior Court that Franklin admitted the VOP.  Also, defense counsel informed the court that the parties had agreed on a recommended sentence—fifteen years at Level V suspended after one year for Level III probation.  Without further ado, the Superior Court adjudged Franklin guilty of the VOP and imposed the sentence recommended by the parties.  This appeal followed.

---

[1] Franklin's 2004 guilty plea was the second time he faced the charges in this case.  Previously, in 2002, a Superior Court jury found Franklin guilty of three counts of rape in the second degree.  On appeal, however, the convictions were reversed, and the case was remanded for further proceedings.  *Franklin v. State*, 855 A.2d 274, 279 (Del. 2004).

[2] Franklin's victims were two minors, ages six and seven.

(5) On appeal, Franklin claims that he was denied the right to address the Superior Court and to present witnesses at the January 27 hearing. Franklin's claims are not supported by the record. The hearing transcript reflects that defense counsel consulted with Franklin before advising the court that "Mr. Franklin admits the violation. We have an agreed upon [sentence] recommendation."[3] At no time did Franklin ask to address the court or to present witnesses on his behalf.

(6) Having reviewed the record and the parties' positions on appeal, the Court concludes that the Superior Court was entitled to rely on defense counsel's representation that Franklin admitted the VOP.[4] To the extent Franklin contends that his defense counsel was ineffective, the Court will not consider a claim of ineffective assistance of counsel for the first time on appeal.[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.
Chief Justice

---

[3] Hr'g Tr. at 2 (Jan. 27, 2017).

[4] *Cf. Hill v. State*, 316 A.2d 557, 558 (Del. 1974) ("Beyond doubt the Court should have relied upon [defense counsel's] representation [to the Court] and it did so.")

[5] *Foster v. State*, 2009 WL 1456992 (Del. May 26, 2009) (citing *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994)).