**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1020-19T1

VAMA F.Z. CO.,

  Plaintiff-Appellant,

v.

PACIFIC CONTROL SYSTEMS
(L.L.C.) and DILIP RAHULAN,

  Defendants-Respondents.

_____

     Argued December 2, 2020 – Decided January 20, 2021

     Before Judges Geiger and Mitterhoff.

     On appeal from the Superior Court of New Jersey, Law
     Division, Morris County, Docket No. L-2375-18.

     Steven L. Caponi, (Rome Blank) of the Delaware Bar,
     admitted pro hac vice, argued the cause for appellant
     (K&L Gates LLP, attorneys; Reymond E. Yammine, of
     counsel and on the briefs; Steven L. Caponi, on the
     brief).

     David C. Dreifuss argued the cause for respondent
     (Dreifuss, Bonacci & Parker, PC, attorneys; David C.
     Dreifuss, of counsel and on the brief; Paul M.
     McCormick, on the brief).

PER CURIAM

Plaintiff Vama F.C. Co. (Vama) appeals from a September 24, 2019 order granting summary judgment to defendants Pacific Control Systems, L.L.C. (Pacific) and Dilip Rahulan declaring that a foreign money-judgment Vama obtained against defendants in the Court of First Instance in Dubai, United Arab Emirates (UAE) (the Dubai judgment), was not recognized in New Jersey and shall not be filed as a judgment in New Jersey. We affirm.

We derive the following facts from the record. Vama is a UAE corporation whose majority owner is Tejas Shah. Pacific is a UAE limited liability company located in Dubai, and Rahulan was its Chairman and Chief Executive Officer. Rahulan is an Australian citizen who lived in Dubai until May 1, 2016, when he moved to New Jersey.

During 2016, Shah attempted to cash two checks drawn on Pacific's checking account that were payable to Vama. Both checks, signed with Rahulan's name, were issued to pay a debt Pacific owed to Vama. The checks totaled 21,852,500 UAE dirham (AED), or $5,949,255 on the dates they were issued.[1] Neither check cleared due to insufficient funds in Pacific's account.

---

[1] The UAE dirham is the currency of UAE.

A-1020-19T1

In August 2016, Vama's attorney issued a notice informing Pacific and Rahulan that the checks had been returned for insufficient funds, and that Vama would take legal action if the debt was not paid. The notice listed Pacific and Rahulan's address as "Dubai, Bur Dubai, Sheikh Zayed Street, TP 101423, Techno Park."

Rahulan alleged that he did not sign either check, was not aware the checks had been issued, and did not know the reason for issuance. He believed his signature had been forged by Srinivasan Narasimhan, Pacific's former Chief Financial Officer (CFO).

The Dubai Proceedings

Having received no payment from Pacific or Rahulan, Vama commenced a civil action against them in Dubai. On August 23, 2016, a Dubai court officer served notice of the action on defendants by delivering it to a receptionist named Adeel Gawanico at "Bur Dubai- Sheikh Zayed Road – Guidance Phone No.: 0506539145." The notices stated delivery to Pacific was made "in the area of Technopark Co," and to Rahulan "in the area of Sheik Zayed Road." A month later, on September 22, 2016, the Dubai Court of First Instance entered an order for execution of provisional attachments on Pacific and Rahulan's bank

3

accounts. According to Shah, the court served provisional attachments on defendants' bank accounts a few days later.

Defendants did not file a responsive pleading or participate in the proceedings. On January 17, 2017, the Dubai Court of First Instance issued a judgment against them for 21,852,500 AED plus interest. Rahulan certified he did not learn of the judgment until May 2017, when he asked his Dubai counsel to investigate after Shah called him and mentioned the lawsuit.

Rahulan asserted that he never received notice of the lawsuit. He certified he could not have received notice personally, as he had "left Dubai (U.A.E.) on May 1, 2016 and was living in New Jersey throughout the pendency of the civil proceedings and the entry of [a] criminal judgment against [him]." Moreover, Pacific's correct address "was and is: Pacific Control Systems (L.L.C.), Post Box 37316, Techno Park, Sheikh Zayed Road, Dubai, [UAE]. Techno Park is a large complex with numerous businesses which is miles away from Bur Dubai. Therefore, it is clear that the [process] server went to the wrong address." He averred that no one named Adeel Gawanico had ever worked for Pacific, and Pacific's actual receptionist was not authorized to accept important documents. In addition, Rahulan certified that he never received notification from the banks about the provisional attachments served on his and Pacific's accounts.

A-1020-19T1

On June 19, 2017, defendants filed an appeal challenging the Dubai judgment. The Dubai Court of Appeal affirmed the judgment without considering the merits of the case, finding that the appeal was untimely because appeals in Dubai must be filed within thirty days of the issuance of the judgment being challenged. In its opinion, the court noted that Pacific received notice of the judgment through service on its accountant Sobish Sondran on February 20, 2017, and Rahulan had been notified by publication on March 28, 2017. Rahulan certified that Pacific did not employ an individual named Sobish Sondran, and he was not aware of any such published notice.

The New Jersey Proceedings

In November 2018, Vama applied to the Clerk of the Superior Court to record the Dubai judgment in New Jersey. The Clerk refused to docket the judgment because Vama had not submitted an exemplified copy.

In response, on December 5, 2018, defendants filed this declaratory judgment action against Vama, seeking: (1) nonrecognition of the Dubai judgment pursuant to N.J.S.A. 2A:49A-16.6(c), on grounds of lack of jurisdiction, lack of notice, lack of due process, and violation of public policy; and (2) injunctive relief to preclude enforcement and execution of the Dubai

judgment.[2]   Defendants also applied for a temporary restraining order and preliminary injunction against plaintiff.  The trial court denied the application for injunctive relief without prejudice, finding defendants had failed to demonstrate they would suffer irreparable harm.

Vama filed an answer and counterclaim seeking recognition of the Dubai judgment pursuant to the Foreign Country Money-Judgments Recognition Act of 2015 (the Recognition Act), N.J.S.A. 2A:49A-16.1 to -16.11.  Vama alleged that the balance due on the Dubai judgment was $5,949,998.70 plus interest at nine percent per annum and attorney's fees.  Defendants filed an answer to Vama's counterclaim.[3]

In February 2019, the Dubai Court of First Instance issued a decision in a separate action brought by two directors of Pacific, dismissing Rahulan from his

---

[2]  The complaint initiating this action was filed by Pacific and Rahulan against Vama.  The caption was subsequently amended to designate Vama as plaintiff and Pacific and Rahulan as defendants.  See n.3, infra.  In this opinion we will likewise refer to the parties in that fashion.

[3]  Included with the answer to Vama's counterclaim, Rahulan filed a third-party complaint against Shah, alleging various torts committed in the course of responding to Rahulan's refusal to pay the judgment.  The third-party action was severed from this case.  The same order also amended the caption, naming Vama as plaintiff and Pacific and Rahulan as defendants.

management role in the company.  In July 2019, the Dubai Court of Appeal affirmed.  Rahulan participated in both proceedings through his UAE counsel.

Defendants moved for summary judgment for nonrecognition of the Dubai judgment.  Rahulan asserted that he left Dubai in May 2016 to travel to the United States and has remained here ever since.  He claimed he never received proper notice of the proceedings in Dubai and first learned of the judgment from Shah during a threatening phone call in May 2017.  Defendants filed an appeal of the Dubai judgment on June 11, 2017, only to have the Dubai Court of Appeal rule the appeal was time-barred.

Rahulan further claimed that plaintiff was aware of his address in New Jersey, telephone number, and email address at the time the action was commenced in Dubai.  Both Rahulan and Pacific claimed that Gwanico never worked for them.  Vama did not produce evidence of Gwanico's employment.

Defendants argued that in addition to lacking in personam jurisdiction, the Dubai courts lacked the judicial independence that American courts require to enforce a foreign money-judgment. They point to a 2017 United States Department of State report on the UAE, that states that Dubai "court decisions remained subject to review by the political leadership. Authorities often treated noncitizens differently from citizens.  The judiciary consisted largely of

A-1020-19T1

contracted foreign nationals subject to deportation, further compromising its independence from the government . . . ."

In his supporting affidavit, Rahulan stated that he "did not endorse" the first check made payable to Vama, was not "aware of its issuance at the time," and was not "aware of why this check was issued." He made identical statements regarding the second check. Rahulan asserted that he ultimately learned both checks were signed by Narasimhan, Pacific's former CFO, without his knowledge or consent.

Vama opposed the motion, arguing that, in accordance with legal procedure in Dubai, the Dubai court served legal notice on defendants at their business office and by publication in a local newspaper in Dubai. Vama claimed that personal service on Pacific's receptionist was valid.

Judge Stephan C. Hansbury found there were no material facts in dispute and issued a September 24, 2019 order and written statement of reasons granting summary judgment to defendants. The judge identified the controlling issue as "whether the UAE judiciary system afforded [d]efendants sufficient due process as to legitimize the Dubai [j]udgment consistent with this State's standards." Because the Dubai judgment was entered by default, the judge shifted the burden of proof to Vama pursuant to N.J.S.A. 2A:49A-16.4(d).

The judge concluded that American due process standards applied when examining a foreign country's legal procedures. As to Rahulan, the judge determined that service upon the receptionist did not comport with "American due process standards" or "meet our sense of due process," citing Rule 4:4-4. The judge noted that the address served was incorrect, and Pacific did not employ an Adeel Gawanico, the purported receptionist. More fundamentally, Rahulan was not living in Dubai at the time service was attempted. Moreover, Vama was aware of Rahulan's email address and telephone number.

The judge determined that service upon Pacific also violated due process, explaining that Rule 4:4-4(a)(6):

> requires service of a corporation on an officer, director, trustee or managing or general agent, someone designated by law or someone authorized to accept service or in charge of that office. The reason is clear. It must be someone with a fiduciary-like duty to the corporation. In our system of due process, service cannot be accomplished by dropping off papers at the reception door.

While the method of service of process used by Vama may be permitted in UAE, the judge found it "is repugnant to the public policy of this State or of the United States," quoting N.J.S.A. 2A:49A-16.4(c)(3).

Lastly, the judge rejected Vama's assertion that Rahulan's counsel could not also represent Pacific, finding the summary judgment motion was properly

9

brought, because "Rahulan remains President at this time."  The judge did not reach the other issues raised by Vama.  This appeal followed.

The Delaware Proceedings

In October 2018, Vama filed a parallel application in the Superior Court of Delaware seeking recognition of the Dubai judgment in that state.  Defendants opposed the application.  Following discovery and an evidentiary hearing at which Rahulan testified but Vama presented no witnesses, defendants moved for dismissal.  (Pa908).  Commissioner Katharine L. Mayer issued a written opinion granting defendants' motion to dismiss.[4]

Commissioner Mayer found that Rahulan has resided in the United States since May 1, 2016.  During May 2016 and January 2017, Rahulan and Shah emailed each other regarding Pacific's debts.  A few days later, the Dubai judgment was entered.  "Rahulan testified that the signatures on the checks were not his and he believe[d] that his signature was fraudulently copied."  He stated that he learned of the Dubai court proceedings in the Spring of 2017, months after the entry of judgment.

---

[4]  Under the Delaware law, a Commissioner issues a recommendation on dispositive pretrial motions, which is not considered a decision of the court.  See Del. Code Ann, tit. 10, § 512(b)(1)(a) and (b); Franklin v. State, 855 A.2d 274, 276-77 (Del. 2004).

Based on the translated Dubai judgment, which set forth the evidence considered by the Dubai court, Commissioner Mayer found:

> [T]here is no record of an "Adeel Gawanico" having ever been an employee of [Pacific]. In addition, "Bur Dubai" is not the address for [Pacific] and is located approximately 20 kilometers away from the headquarters. Later, after the appellate court issued an opinion on the [j]udgment, it was served upon someone by the name of "Sobish Sondran." Again, there is no record of an employee by that name. Finally, [d]efendants were given notice of the [j]udgment by publication. The notice is dated March 28, 2017, and indicates that [Pacific] and "[Rahulan] Dilip, whose address is unknown[,]" were notified of a judgment obtained by Vama. The notice does not state where it was publicized and for how long. Rahulan testified that he has not been personally served by any authorities, including anyone acting on behalf of the [UAE].
>
> [(footnotes omitted).]

The Superior Court of Delaware dismissed Vama's recognition application, applying preclusive effect to the trial court's decision in this case under the doctrine of res judicata. Vama F.Z. Co. v. Pac. Control Sys., No. N18J-07985 DCS (De. Super. Ct. Oct. 22, 2019). The Delaware Supreme Court affirmed. Vama F.Z. Co. v. Pac. Control Sys. (L.L.C.), No. 487 (Del. Aug. 26, 2020).

Vama raises the following points for our consideration:

11

POINT I

THE UAE JUDICIARY AFFORDED THE DEFENDANTS-RESPONDENTS SUFFICIENT DUE PROCESS AS TO LEGITIMIZE THE DUBAI JUDGMENT CONSISTENT WITH THE UNIFORM FOREIGN COUNTRY MONEY JUDGMENTS RECOGNITION ACT (N.J.S.A. 2A: 49A-16.6, et seq).

A. The Trial Court Erred in Finding that Defendants-Respondents Were not Properly Notified of the Dubai Proceeding and Were not Afforded the Opportunity to Defend Themselves.

POINT II

VAMA SUFFICIENTLY MET THE BURDEN FOR RECOGNITION AS REQUIRED BY THE RECOGNITION ACT. (N.J.S.A. 2A:49A-16.6, et seq.).

A. The Court Erred By Allowing Mr. Rahulan, Who Had Been Removed from [Pacific's] Management by the Courts of Dubai, to Represent [Pacific] and Oppose [Vama's] Application.

"A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted). In contrast, we afford deference to a trial court's factual findings that are supported by substantial credible evidence in the record,

12

considering the proofs as a whole.  Alderiso v. Med. Ctr. of Ocean Cnty., Inc., 167 N.J. 191, 198 (2001).

In reviewing a grant of summary judgment, we apply the same standard under Rule 4:46-2(c) that governs the trial court.  Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 349-50 (2016).  We consider the factual record, and reasonable inferences that can be drawn from those facts, "in the light most favorable to the non-moving party" to decide whether the moving party was entitled to judgment as a matter of law.  IE Test, LLC v. Carroll, 226 N.J. 166, 184 (2016) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).  That said, the non-moving party cannot successfully oppose a summary judgment motion by merely raising an insubstantial fact in dispute or by relying on evidence that is not competent.  Accordingly, "once the moving party presents sufficient evidence in support of the motion, the opposing party must 'demonstrate by competent evidential material that a genuine issue of fact exists[.]'"  Globe Motor Co. v. Igdalev, 225 N.J. 469, 479-80 (2016) (alteration in original) (quoting Robbins v. Jersey City, 23 N.J. 229, 241 (1957)).

The Recognition Act authorizes New Jersey courts to recognize "final, conclusive, and enforceable" foreign-country judgments that "grant[] or den[y] recovery of a sum of money," unless an exception enumerated in N.J.S.A.

13

2A:49A-16.4(b) or (c) applies. N.J.S.A. 2A:49A-16.4(a). Where an exception applies, "[a] party against whom a foreign-country judgment is entered may file an action for a declaration that the foreign-country judgment shall not be subject to recognition." N.J.S.A. 2A:49A-16.6(c).

N.J.S.A. 2A:49A-16.4(b) prohibits recognition of a foreign-country judgment under three circumstances:

> (1) the judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law, as determined by the court using standards developed by the American Law Institute and the International Institute for the Unification of Private Law to govern resolution of transnational disputes;
>
> (2) the foreign court did not have personal jurisdiction over the defendant; or
>
> (3) the foreign court did not have jurisdiction over the subject matter.

In turn, under N.J.S.A. 2A:49A-16.4(c), the court:

> may determine, in its discretion, not to recognize a foreign-country judgment if:
>
> (1) the defendant in the proceeding in the foreign court did not receive notice of the proceeding in sufficient time to enable the defendant to defend;
>
> (2) the judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present its case;

(3) the judgment or the cause of action on which the judgment is based is repugnant to the public policy of this State or of the United States;

. . . .

(7) the judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment; or

(8) the specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law, as determined by the court using standards developed by the American Law Institute and the International Institute for the Unification of Private Law to govern resolution of transnational disputes.

The burden of proof for nonrecognition rests with the party resisting recognition except when the foreign-country judgment is entered by default. N.J.S.A. 2A:49A-16.4(d). Where the judgment is entered by default, the party seeking recognition must prove the following:

(1) the rendering court had jurisdiction over the defendant in accordance with the law of the country of origin of judgment;

(2) the defendant was served with initiating process in accordance with the law of the country of origin; and

(3) the rendering court had jurisdiction over the defendant on a basis provided pursuant to [N.J.S.A. 2A:49A-16.5].

[N.J.S.A. 2A:49A-16.4(d).]

Vama argues that there were two material facts in dispute precluding summary judgment: (1) whether service of process upon defendants was made at the correct address; and (2) whether Gawanico was an employee of Pacifico, who was authorized to accept service on behalf of defendants. For the reasons that follow, we disagree.

Defendants did not file a responsive pleading or otherwise participate in the Dubai proceedings. The judge correctly determined that the Dubai judgment was entered by default and properly shifted the burden of proof to Vama pursuant to N.J.S.A. 2A:49A-16.4(d).

The judge also found that Vama did not meet its burden of proof by demonstrating that Pacific and Rahulan were served with process in compliance with Dubai law or this State's due process requirements. We concur. The fact that service was attempted by a court officer is not controlling.

Service of Pacific was made upon an individual, who, according to Rahulan, was not even employed by Pacific. Vama provided no competent evidence that the corporation was served at the correct address or that Gawanico was a Pacific employee, much less an individual authorized to accept process on its behalf. Indeed, the proof of service listed an incorrect service address.

16                                                                    A-1020-19T1

Rahulan has lived in the United States since May 1, 2016. Therefore, service months later by publication in Dubai did not provide Rahulan with adequate notice and opportunity to defend the Dubai proceedings. Serving a purported Pacific receptionist, who was not authorized to accept service on Rahulan's behalf, was similarly defective. Moreover, the notice sent by Vama's counsel in August 2016 to Ruhalan's prior address in Dubai was likewise inadequate. Thus, Rahulan was not afforded due process.

In addition, the attempted service of process on defendants did not provide due process under New Jersey law. See Choi v. Kim, 50 F.3d 244, 250 (3d Cir. 1995) (affirming the district court's decision declining to recognize a Korean judgment because the person against whom it was entered in Korea was not accorded due process protections under New Jersey law).

"Personal service is the primary method of service in New Jersey." City of Passaic v. Shennett, 390 N.J. Super. 475, 483 (App. Div. 2007) (citing R. 4:43-3, -4). Other methods are appropriate only "[i]f personal service cannot be effectuated 'after a reasonable and good faith attempt.'" Ibid. (quoting R. 4:4-3(a)).

Personal service of a competent adult in this State is accomplished by delivering process to that individual personally, or by leaving a copy with a

competent household member at least fourteen years old at the individual's dwelling or usual place of abode, or by delivering a copy to a person authorized to accept service on the individual's behalf.  R. 4:4-4(a)(1).  If service cannot be effected in this manner, and the serving party submits an affidavit confirming his or her diligent efforts and inquiry, then personal service upon an individual outside of the United States may be effected by delivering notice "in accordance with any governing international treaty or convention to the extent required thereby, and if none, in the same manner as if service were made within the United States, except that service shall be made by a person specially appointed by the court for that purpose."  R. 4:4-4(b)(1)(B).

Personal service upon a corporation is accomplished by serving:

> any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or, if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law.
>
> [R. 4:4-4(a)(6).]

A-1020-19T1

If service upon a corporation cannot be made in accordance with these provisions, and the serving party submits an affidavit confirming diligent efforts and inquiry, then personal service may be accomplished by:

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to . . . a corporation . . . that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office.

> [R. 4:4-4(b)(1)(C).]

By any measure, the service of process on defendants did not meet these standards. Here, it is undisputed that the Dubai court officer did not deliver notice to Rahulan personally or to his dwelling or usual place of abode. Further, there is no evidence that the officer delivered notice to someone authorized to accept service on Rahulan's behalf. Vama provided no competent evidence that Gawanico was authorized to accept service on Rahulan's behalf. Regardless, service on Pacific's alleged receptionist does not suffice to serve Rahulan personally under this State's standards. The attempted service of Rahulan is particularly troubling given that Rahulan's email address and New Jersey telephone number were known when service was attempted.

As to service upon Pacific, it is undisputed that the court officer did not deliver notice to an "officer, director, trustee or managing or general agent" of

19

Pacific, "or on a person at the registered office or principal place of business in charge thereof." R. 4:4-4(a)(6). Rahulan certified that Pacific's receptionist was not authorized to accept service. Generally, service upon a receptionist is permissible only if the corporation has no place of business in New Jersey and the receptionist is discharging his or her duties in New Jersey. R. 4:4-4(a)(6). Moreover, although Vama denies Rahulan's certification that Gawanico was not employed by Pacific, a denial alone is insufficient to create a genuine dispute, especially since Vama declined the opportunity to serve any discovery demands or depose anyone with knowledge relevant to this matter. Put simply, Vama proffered no competent evidence that Gawanico was employed by Pacific, much less that she was authorized to accept service on its behalf.

Given these facts, recognition of the Dubai judgment was barred by N.J.S.A. 2A:49A-16.4(b)(2). In addition, the judge properly exercised his discretion to not recognize the Dubai judgment under N.J.S.A. 2A:49A-16.4(c)(1).

The judge also concluded that while this method of service of process may be permitted in UAE, it "is repugnant to the public policy of this State or of the United States," quoting N.J.S.A. 2A:49A-16.4(c)(3). We concur. For the reasons we have stated, defendants were not afforded meaningful notice and

opportunity to be heard, the two core elements of due process in this State and country. The inadequate opportunity to be heard extended to the appellate proceeding. Defendants' appeal was dismissed as untimely without considering the merits of the arguments they raised. The failure to properly serve defendants clearly thwarted their ability to file the appeal within thirty days of the issuance of the judgment.

Our court rules permit a defendant to move for relief from the operation of a judgment when the judgment is void. See R. 4:50-1(d). "A judgment may be set aside as void for lack of personal jurisdiction without the need of the defendant to show a meritorious defense." Pressler & Verniero, Current N.J. Court Rules, cmt. 5.4.2 on R. 4:50-1(d) (2021) (citing Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86 (1988); City of Passaic v. Shennett, 390 N.J. Super. 475, 486 (App. Div. 2007); Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003); L.L.C. v. Simmons, 392 N.J. Super. 520, 530 (Law Div. 2006)). Defendants filed their appeal within a reasonable time after learning of the judgment entered against them. See R. 4:50-2. The dismissal of the appeal as untimely "is repugnant to the public policy of this State or of the United States." N.J.S.A. 2A:49-16.4(c)(3). For this additional reason, the judge properly exercised his discretion in not recognizing the Dubai judgment.

In light of our ruling, we do not reach these additional grounds raised by defendants.  Any issues raised by Vama but not otherwise addressed were found to lack sufficient merit to warrant discussion in our opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1020-19T1